WILLIAM BUTLER *against* GIDEON BUTLER.

When a wit-      MOTION for a new trial.
ness has been
examined by
the party a-         This was an action upon the covenants in an indenture
gainst whom
he is called, as of apprenticeship, by the master against the defendant,
to his interest
in the event,    who had bound his son an apprentice to the plaintiff.
other wit-       At the trial to the jury, the defendant offered the depo-
nesses cannot
be inquired of   sition of *Amos Butler*, the apprentice, in evidence. To
as to his inte-
rest; and it     show that this deposition ought not to be admitted, and
makes no dif-    that *Amos Butler* was interested in the event of the suit,
ference whe-
ther such ex-    the plaintiff offered one *Ensign* as a witness to prove, by
amination was
under the ge-    the acknowledgments of the defendant, that *Amos Butler*
neral oath, or   had an interest in the event of the cause. This was
the *voire dire;*
nor whether      objected to, because upon the cross-examination of
it was in court,
or before a      *Amos Butler*, before the magistrate who took his depo-
magistrate ta-
king a deposi-   sition, the plaintiff had inquired of *Amos Butler himself*
tion out of      as to his interest in the event of the suit. And the
court.

                                      4

court ruled, that *Ensign* could not be examined for this purpose. After a verdict for the defendant, the counsel for the plaintiff moved for a new trial on this ground. The question was reserved; and was now argued by *Brace* and *T. S. Williams*, against the motion, and *Edwards*, in support of it.

Against the motion it was said—The rule that a party cannot examine a witness as to his interest, and then examine other witnesses to contradict his testimony on that point, is perfectly well settled in *Great Britain*. In the case of *The Queen* v. *Muscot*, 10 *Mod.* 193., *Parker*, Chief Justice, says, " that the law gives the party his election, to prove a person offered as a witness interested, two ways, (*viz.*) either by bringing other evidence to prove it, or else by swearing the person himself upon the *voire dire ;* but though he may do either, he cannot do both." This has ever been considered as a principle of the common law. *Peake's Evid.* 186., 2d *London edit.* It has been recognised by the courts in *Massachusetts*, 1 *Mass. T. Rep.* 222.; and by the *superior court* in this state. The cases in the *English* books, it is admitted, are cases where the *voire dire* oath had been administered, and the inquiry had been made under it. The reason of which is, not that the law would not have been the same, had the inquiry been made under the witness's oath, (could such an inquiry be permitted,) but a rule having existed, that no objection to the competency of a witness can be made after he has been sworn in chief, and examined; 4 *Burr.* 2252. 1 *T. Rep.* 719. it follows, that no inquiry can be made of the witness himself, or of any other person, to prove the interest of the witness, except for the purpose of invalidating his testimony. But by our practice, the examination as to the interest of a witness may be made at any time during the trial; and as well under the witness's oath, as the *voire dire* oath; and as the

June, 1808.

BUTLER
v.
BUTLER.

effect of the examination in excluding the witness would be precisely the same in one case as the other, the effect as to excluding other testimony, to prove the interest, ought to be the same. If it were otherwise, the party who wishes to prove the interest of a witness, will always apply to the conscience of the witness himself, under the *general oath*, and not under the *voire dire;* and if the witness denies his interest, he may then prove it by other testimony; and will, in this way, have all the benefit of an examination under the *voire dire* oath, without the disadvantage of it. And thus the common law principle will be entirely subverted.

It is said, that there is no reason why the party who has examined a witness, as to his interest, should be precluded from inquiring of others as to the same fact, any more than if he had examined him as to usury, or a fraudulent conveyance, &c. But in those cases, the inquiry is not made by way of attacking the competency of the witness, but only affecting his credit. Besides, this objection applies with the same force to an examination after an inquiry under the *voire dire* oath, as under the witness's oath.

But the decisions in this state have never recognised any distinction, whether the examination was made under the *voire dire* oath, or under the general oath. In either case, it has been uniformly holden, that no further inquiry should be had. *Mallet* v. *Mallet*, 1 *Root*, 501. *Coit* v. *Bishop*, 2 *Root*, 222. *Tudor* and *Woodbridge* v. *Hart*, *Nov.* 1807.

That this was a question contained in a deposition, and not put in open court, surely can make no difference. The witness who deposes before a magistrate, must have the same rights, and the party examining

him can have no greater, than if the examination were made in open court.

In support of the motion, it was contended, that the testimony of *Ensign*, to prove the interest of *Amos Butler*, ought to have been admitted. That the plaintiff had once a right to prove the interest of the deponent is not denied. How has he lost that right? By asking the question as to the interest of the witness from the deponent himself? But it is not readily perceived, how an interrogatory to a witness, upon a cross-examination, can deprive the party of a right before existing. Does it make the witness, the witness of the party asking the question? If so, why will not any question asked of a witness, as to a fraudulent conveyance, or usury, or any other matter, make him the witness of the party as to that matter?

The right of cross-examining witnesses is a right all important to the purposes of justice; but it will be dangerous to exercise it, if, in so doing, the party runs the hazard of depriving himself of his own testimony.

It is agreed, that where the witness has been examined as to his interest upon the *voire dire* oath, it cannot be proved in another way : the reason of this is, that by such examination, he is, to that point, the witness of the party examining him, who cannot, therefore, impeach him. And this is proved by the form of the oath itself.

This is a strict rule, and ought not to be extended any further than that case, and does not apply to the case where a witness has been sworn in chief, and answered interrogatories, upon a cross-examination. But the question was not under the *voire dire*, nor even in court, but a question put before a magistrate, who had

June, 1808.

BUTLER
v.
BUTLER.

authority, indeed, to take the deposition, but no authority to administer the *voire dire* oath. or to determine as to the propriety of the person's being a witness. This question, therefore, thus put, should have no more effect, than if the same question had been put to the witness, upon trial of this cause at the *County Court*; and that certainly would never have prevented the plaintiff from proving the fact of interest by other testimony, when the case was removed to the *superior court*.

The case of *Coit* v. *Bishop*, cited for defendant, was where the party attempted to draw from the witness a confession of interest, after having called other witnesses without success. The case of *Mallet* v. *Mallet* was not, like this, a question put before a justice, on cross-examination; and of all the cases cited decided in this state, it is sufficient to remark, that they were not brought before the *supreme court* for their opinion.

BY THE COURT, GRISWOLD, Judge, dissenting.

It is a settled rule, that the interest of a witness may be shown, by the testimony of others, or from the witness himself: and the party challenging has his choice of either mode of proof, but not of both; for it is not reasonable, that the party should be permitted to sport with the conscience of the witness, when he has other proof of interest. It is immaterial whether a witness be examined as to his interest under the form of the *voire dire*, or under the general oath to witnesses: in either case, an appeal is made to him under oath.

Depositions are by law admitted from necessity, or for conveniency, and the evidence thus taken is, as far as possible, to be subject to the rules of oral evidence. The same necessity for appealing to the witness for proof of his interest exists, whether he deposes before

a magistrate, or testifies in open court; and if not per- <span>June, 1808.</span>
mitted, the evils of trial by depositions will be greatly <span>BUTLER</span>
increased. Such inquiry, then, is proper, and the con- <span>v.</span>
sequence must be the same as if made in court. <span>BUTLER.</span>

We are, therefore, of opinion, that the *superior court*
were correct in excluding further proof of interest; and
that a new trial ought not to be granted.

New trial not to be granted.