STEBBINS and another a*gainst* SACKETT.

Though the interest of a witness in a cause, may be proved, either by examining him on the *voir dire*, or by the testimony of other witnesses: and the election of one of these modes, precludes recourse to the other, on the same ground; yet a resort to one mode to prove the interest of the witness, on one ground,

does not preclude recourse to the other, to prove his interest, on a distinct ground.

Therefore, where the defendant, in an action against him as the indorser of a promissory note, proved the interest of a witness produced by the plaintiff, by the testimony of other witnesses, shewing him to be a subsequent indorser, after which his competency was restored, by a release; it was held, that this did not preclude the defendant, in the subsequent progress of the same trial, from shewing the interest of the same witness, arising from a set of facts relating to a separate transaction, by examining him on the *voir dire.*

On the examination of a witness as to his situation, he may be asked any questions concerning instruments he has executed, without producing those instruments; for the party against whom he is called, not knowing the witnesses to be produced against him, cannot always be prepared with the evidence to prove him incompetent.

If the effect of the witness's testimony will be, to prevent the diminution of a fund, created for his benefit, he is incompetent.

And it is not necessary, that the interest of the witness in the fund, should appear to be inevitable.

Therefore, where it appeared, in an action against the indorser of a promissory note, that a former holder of such note, after delivering it to the plaintiff, executed to him a deed of assignment of all his property, including, by agreement of the parties interested, such note, in trust for his creditors, the assignor *remaining liable to his creditors for so much of those debts as were* not paid by the property assigned; it was held, that such assignor was not a competent witness for the plaintiff, inasmuch as the effect of the plaintiff's failure to recover, would be, to diminish, by the amount of such note, the trust fund, and leave so much more for him to pay his creditors.

This was an action against the defendant, as the indorser of a promissory note, made by one *Gottsberger,* for 4000 dollars, dated the 9th of *August,* 1820, payable in sixty days.

The cause was tried at *Fairfield, December* term, 1823, before *Peters,* J.

To prove certain facts, which became material in the course of the trial, the plaintiffs offered *Eliakim Lockwood,* who had indorsed the note after the defendant, as a witness. The defendant objected to him, on the ground that he was interested in the event of the suit. The plaintiffs thereupon, in order to qualify him as a witness, gave him a release, thereby acknowledging that they had received one dollar in full of all claims on him as indorser, and discharging him from all liability. The judge decided, that *Lockwood's* interest, by virtue of his indorsement, was, in this way, discharged.

The defendant then insisted, that *Lockwood* was still interested, on a distinct ground. After delivering the note in suit to the plaintiffs, he executed to them a deed of assignment of all his property, in trust for the payment of certain debts he owed to them and other creditors named in the assignment; and this

note, by agreement between him and the plaintiffs and such other creditors, was, among other property, put into the trust fund; and he was to remain liable for so much of those debts as were not paid by the property assigned: Consequently, if the plaintiffs, in this case, failed to recover, he would be bound to pay those creditors more, by the amount of the note, than he would have to pay, if the plaintiffs should recover. The defendant offered a paper, which he claimed to be a copy of the deed of assignment; and offered to prove it, by examining *Lockwood* under the *voir dire* oath. To the proposed enquiries the plaintiffs objected, on the ground that the defendant had already shewn an interest of the witness in the suit from other sources, which had been discharged by them; and the defendant could not thereafter enquire of him as to his interest, on the *voir dire* oath. The plaintiffs objected to such enquiries, on the ground, that they had no notice to produce the original deed of assignment. In reply to the last objection, the defendant insisted, that he could not give such notice, because he did not know, that *Lockwood* would be offered as a witness on the trial. The judge decided, that *Lockwood* should not be enquired of under the *voir dire* oath, as to any interest in the event of the suit, on the ground of the first objection.

*Lockwood* was then sworn in chief, and, on his direct examination, testified, among other things, to the assignment of the note in suit to the plaintiffs; and on his cross examination, he testified to all the facts above stated relative to the assignment in question. The defendant thereupon prayed the judge to decide, that *Lockwood* was an incompetent witness. The plaintiffs insisted, that all the interest of *Lockwood*, was extinguished, by the discharge, as well that disclosed by his testimony, as that arising from his indorsement. Of this opinion was the judge; and he accordingly permitted the testimony of *Lockwood* to go to the jury, as legal evidence; which was the only evidence, introduced by the plaintiffs, to prove the facts in controversy.

The jury returned a verdict for the plaintiffs; and the defendant moved for a new trial, on the ground, that the interlocutory decisions of the judge, above stated, were incorrect.

*Sherwood* and *Sherman*, in support of the motion.

*Daggett* and *N. Smith,* contra.

*Fairfield,*
June,
1824.

Stebbins
*v.*
Sackett.

Hosmer, Ch. J. I shall confine my opinion, in this case, to the interest, which *Lockwood,* the plaintiffs' witness, had in the event of the suit. The facts on the other point made, in a most material particular, are stated so indefinitely, that I willingly pass by the consideration of it.

The interest of the witness, as indorser of the note in question, was legally discharged; and on this ground, the objection to him was unfounded.

It was claimed by the defendant, that *Lockwood,* the witness, had assigned all his property to the plaintiffs, for the benefit of his creditors, a part of which consisted of the note in question. The court rejected an enquiry of *Lockwood* under the *voir dire,* because his interest as indorser, had before been proved, in a different manner; and because the testimony sought, related to a written assignment, for the production of which, notice had not been given.

The mode of enquiry, in my opinion, was unexceptionable. There are two ways of proving a witness interested in a cause; first, by examining him on a *voir dire;* and secondly, by showing his interest from other evidence. But both these modes cannot be pursued at *the same time;* and the election of one conclusively bars any recourse to the other. *The Queen* v. *Muscot,* 10 *Mod.* 193. *Mifflin* & al. v. *Bingham,* 1 *Dall.* 272. 275. *Bridge* v. *Wellington,* 1 *Mass. Rep.* 219. 222. *Butler* v. *Butler,* 3 *Day,* 214. The rule is not, that in the same case, the interest of the witness, on one set of facts, may not be proved, by disinterested testimony, and that afterwards, his interest, on a different set of facts, may not be proved, under the *voir dire;* but it is, that "*at the same time,*" or, more correctly, on the same ground, these distinct modes may not be resorted to. When a party has proof of the witness's interest, which, for the moment, he thinks proper to suppress, he shall not be permitted to enquire of him, under the *voir dire,* and thus "sport with his conscience," (*Butler* v. *Butler,* 3 *Day* 214. 218.) with a view of contradicting him by other evidence; or, if he has made the enquiry, by other testimony, he is equally precluded from interrogating the witness under the *voir dire.* But where, as in the present case, the enquiry of interest arises at different times, and on distinct grounds, I can see no possible objection to the establishment of it, by different modes of testimony.

As to the subject matter of the enquiry, in order to found an objection to the interest of the witness, from the necessity of the case, there must be one exception from the usual rule. "On

*Fairfield,*
June,
1824.

*Stebbins*
*v.*
*Sackett.*

the examination of a witness as to his situation, he may be asked any questions concerning instruments he has executed, without producing those instruments; for the party against whom he is called, not knowing the witnesses to be produced against him, cannot always be prepared with the evidence to prove him incompetent." *Peake's Ev.* 196. 1 *Swift's Dig.* 740.

The point need no further be pursued, as on his testimony in chief, *Lockwood* testified to the facts, which the defendant attempted to prove under the *voir dire.* Beyond all question, they established his interest in the event of the suit. It is a general rule of evidence, that if the effect of the witness's testimony will be, to create or increase a fund, in which he may be entitled to participate, he is incompetent. 1 *Phill. Ev.* 50. 51. *Phœnix* v. *Day,* 5 *Johns. Rep.* 412. 427. *Stewart* v. *Kip,* 5 *Johns. Rep.* 256. 258. *Innis* v. *Miller,* 2 *Dall.* 50. *White* v. *Derby,* 1 *Mass. Rep.* 237. 239. *Austin* v. *Bradley,* 2 *Day,* 466. *Temple's Ex.* v. *Ellett's Ex.* 2 *Munf.* 452. If the effect of his testimony will be to prevent the diminution of a fund, created for his benefit, he must, on the same principle, be equally incompetent.

It is not necessary that the interest of the witness in the fund, should appear to be *inevitable.* Perhaps, the increase may not be sufficient to give him a right to any part of it; but as this *may* be the result, he cannot be allowed to testify.

The interest of *Lockwood* is manifest; and the court should have rejected him.

PETERS, BRAINARD and BRISTOL, Js. were of the same opinion.

New trial to be granted.