### CLARK *against* HOSKINS and others.

*A.* mortgaged land to *B.* and *C.* to secure distinct debts due to them respectively. *C.* afterwards made his will, attested by three subscribing witnesses, of whom *B.* was one, and thereby devised to *A.* the debt due from him; the land mortgaged being sufficient to pay both debts. Held, on an appeal from a decree of probate, approving such will, 1. that *B.* had an interest in establishing it, which, on principles of the common law, would render him an incompetent witness; 2. that his interest was removed, by the statute, *tit.* Estates, *c.* 1, *s.* 3.

This was an appeal from a decree of the court of probate, approving the will of *Philander Clark*, deceased; tried at *Hartford*, *September* term, 1825, before *Hosmer*, Ch. J.

On the 29th of *December*, 1821, *Alson Hoskins* mortgaged a tract of land to *Isaac Owen* and *Philander Clark*, to secure certain distinct debts due to them respectively. Afterwards, *Clark* made his will, attested by three subscribing witnesses, of whom *Owen* was one, and thereby devised to *Hoskins* the debt thus secured, and discharged him therefrom. The land mortgaged is sufficient to pay both debts. Upon these facts, the appellant claimed, that *Owen* was not a disinterested witness, and consequently, the will was not legally attested. The Chief

Justice affirmed the decree of probate ; and the appellant there-upon moved for a new trial.

*T. S. Williams*, in support of the motion, contended, 1. That *Owen* was, at common law, an interested and incompetent wit-ness. By establishing the will, he acquires to himself all that part of the security, which would otherwise belong to *Clark's* executor. This is an interest known in law, direct and fixed. The land mortgaged is a *fund*, from which *Owen* may obtain payment of his debt. This fund he encreases, by establishing the will. 1 *Phill. Evid.* 51. *Bent* v. *Baker* & al. 3 *Term Rep.* 27. *Stebbins* & al. v. *Sackett*, 5 *Conn. Rep.* 258.

2. That *Owen's* competency was not restored by the statute, *tit.* 32. *c.* 1. *s.* 3. as no "beneficial devise, legacy or interest" was given *to him*, by the will. *He* was not the object of the testator's bounty, nor in his mind. *Hoskins* was the devisee ; but the devise is not, by force of the statute, void as to him, be-cause he was not a subscribing witness. The argument is con-cisely this. In the first place, the provisions of the statute re-late only to a subscribing witness. In the next place, the sta-tute restores the competency of the witness, only by making void the devise or legacy given to him. But *Owen*, the sub-scribing witness, was not the devisee ; and *Hoskins*, the devi-see. was not the subscribing witness ; consequently, the statute does not affect either of them. In *Jackson* d. *Cooder* & al. v. *Woods*, 1 *Johns. Ca.* 163. and *Jackson* d. *Beach* & al. v. *Dur-land*, 2 *Johns. Ca.* 314. the witness was the husband or wife of the devisee ; and the devise was held void, on the ground of their unity of interest.

*W. W. Ellsworth*, contra, insisted, 1. That *Owen* had not a fixed and certain interest under the will, which rendered him an incompetent witness. 1 *Phill. Evid.* 39, 40. Nothing was given to him directly. Did he indirectly receive any beneficial interest ? Whatever he has, he takes as *trustee.* The mortgage, before the devise, was a fund for the payment of his debt ; and it was sufficient for this purpose. Does the increase of the fund beyond what is necessary to secure the debt, benefit the creditor ? In determining this question, we are not to look to future and remote contingencies. If the witness has not a pre-sent fixed interest, he is competent.

2. That if the witness, under the will, took an interest, which, at common law, would disqualify him, the statute has removed

that interest.   The intention of the legislature was to make every subscribing witness competent, who had been made incompetent by the will.   The mischief was, that testators were frustrated in the disposition of their estates by will, in consequence of some interest, often a slight one, created thereby in a subscribing witness; and the legislature meant to make the remedy as broad as the mischief.   Neither the words nor the spirit of the statute require, that to bring a case within it, the person taking a beneficial interest under the will should be *named* in it.   When the words of a statute enact one thing, they enact all other things, which are in like degree. *Eyston* v. *Studd*, 2 *Plowd.* 467. 1 *Swift's Dig.* 11.

HOSMER, Ch. J.   It is objected, that *Owen* is interested in the establishment of the will, as it will enlarge his security; and on this ground, that he is incompetent to testify.

Independent of the statute concerning the settlement of estates, the interest of *Owen* is unquestionable.   His security would be enlarged, if the will is established, by holding in pledge all the land mortgaged, disburdened from the debt of *Hoskins* to *Clark*.   It is said, however, that the security to him was sufficient before; and therefore, that he had no interest in its enlargement.   The contingencies to which property is liable, render the assertion untrue; for it does not follow from its being sufficient in value now, that it will remain so in future.   By an unexpected depreciation, as well as by other events, it may fall much below the value of the mortgage debt.   Every person knows, that the enlargement of security, is the object of desire, and a contemplated benefit; and that in the existence of such a fact, an interest is felt; more especially, when the value of the property is not beyond the reach of contingency.   Hence, the increase of a fund, in which a person will be entitled to participate, without any enquiry as to its sufficiency, is a certain and fixed interest, and has been so adjudged.   *Stebbins* & al. v. *Sackett*, 5 *Conn. Rep.* 258. *Phoenix* v. Assignees of *Ingraham*, 5 *Johns. Rep.* 427. *Innis* v. *Miller*, 2 *Dallas*, 50. *Emerson* v. Proprietors of land in *Minot*, 1 *Mass. Rep.* 466. *Temple's* executor v. *Ellett's* executrix, 2 *Mun.* 452.

Whether the statute before alluded to, (*p.* 199.) has rendered *Owen* admissible as a witness, by the removal of his interest, is the only serious question in the case.   And to simplify the enquiry to its narrowest limits, it constantly must be borne in mind,

that the question is not, whether *Owen* can take any benefit by the will, or produce the record of approval in his own favour, but it is, whether the will may be proved by *Owen*, and rendered available to the devisees.

By statute, (*p.* 199.) it is enacted, that "if any beneficial devise, legacy or interest hath been, or shall be made or given, in any will or codicil, executed after the first day of *January,* 1808, to any person subscribing such will or codicil, as a witness to the execution thereof, such devise &c. shall, as to such subscribing witness, *&c.* be null and void; unless such will or codicil be otherwise duly witnessed according to this act; and such person shall be admitted as a witness to such will or codicil, in the same manner as if such devise &c. had not been given."

It is undeniable, if a legacy had been bequeathed to *Owen* in the above will, that it would not have made him an incompetent witness; and it is equally true, if the devisor had assigned to him in his will, the debt and mortgage of *Hoskins,* his competency as a witness would not have been destroyed.  It is insisted, however, that the beneficial interest under a will, to be within the province of the statute, is that only, which directly and explicitly is given to the will-witness.  This construction of the law is founded on a literal adherence to the terms in which it is expressed.  I very much doubt, whether this is a right exposition of the words of the statute.  It is no violation of the popular acceptation of language to assert, that an interest has been given to a subscribing witness, although he was not the object of the gift, if it necessarily and infallibly operate as a donation.  But the discussion of this point I waive, as being entirely unnecessary.  The statute laws are the will of the lawmaker; and to attain this will, is the only object of their construction.  For this purpose, rules have been established by courts, in order that the intention of the legislature may be ascertained.  Such construction is to be put on a statute, as may best answer the intention, which the makers had in view; for, *qui haeret in litera, haeret in cortice. Plowd.* 232.  Hence, a thing which is in the intention of the makers of a statute, is as much within the law, as if it were within the letter. *Plowd.* 368. In some cases, the letter of an act of Parliament, in order to effectuate its object, is restrained; in others, it is enlarged; and in others still, the construction is contrary to the letter. *Plowd.* 465. 365. 467. 36. 13. 82. *L'Neve* v. *L'Neve,* 1 *Vesey,* 64. 1

*Eq. Ca. Abr.* 19. 2 *Inst.* 84.    To cite cases in proof of these trite rules, incontrovertibly established, is superfluous.

The great difficulty consists, in the application of the principles of construction.    To collect the intention of the law-makers, resort is had sometimes to the cause or necessity of the law's enaction, and sometimes to other circumstances.    Remedial laws, (and that under discussion is of this description) are to be construed, by considering what the former law was, what was its mischief, and what, the remedy provided ; and the construction must be such as to suppress the mischief and advance the remedy. *Heydon's* case, 3 *Rep.* 7. *Co. Litt.* 11. 42. 1 *Black. Com.* 87.

By the old or former law, any interest of a will-witness, however small, invalidated the whole devise. *Starr* v. *Starr*, 2 *Root* 303. *Wadsworth* v. *Camp*, in *Middlesex* county. *Helliard* v. *Jennings*, 1 *Ld. Raym.* 505. *Holdfast* d. *Anstey* v. *Dowsing*, 2 *Stra.* 1253. *Wyndham* v. *Chetwynd*, 1 *Burr.* 414. *Doe* d. *Hindson* v. *Kersey, per* Ld. *Camden*, 1 *Day*, 41. n.    The mischief was obvious and palpable.    By the operation of the preceding principle, the trivial and unanticipated interest of a subscribing witness, annulled devises the most equitable.

As a remedy for this evil, the act under discussion was made ; and it was the object of it to prevent the subversion of last wills, by an interest existing in a subscribing witness.    The object was not limited, by the mode or form in which the interest accrued ; for whether it were direct, or necessarily consequential, the same mischief must exist, and the same remedy was necessary.    The evil was contemplated by the legislature, and must be, by every wise man, in its root and substance, and not merely in the manner of its existence ; and was annulled, by removing the interest of the witness, and prescribing, that he should take nothing by the devise.    Whether the interest of the subscribing witness arise directly, or by necessary consequence, therefore, the mischief is the same ; and to suppress it, the same remedy must be applied.

It has been been said, that the statute of the 25 *Geo.* II., relating to the same subject as ours, has been considered as alone applicable to an interest immediate and direct, and not to one which is consequential.    This remark is made by *Powell,* in his essay on the law of *Devises ;* but his comment subjoined deprives the observation, as relative to this case, of all its force : "That being an explanatory law," says *Powell,* (*p.* 129.) "it

*Hartford,*
June,
1826.

Clark
*v.*
Hoskins.

cannot be explained, by any strained construction, but must operate according to the express letter thereof; since otherwise, if any construction should be made against the express letter of the exposition made by parliament, there would be no end of expounding." *Dalbury* v. *Foston, Carth.* 396. *Regina* v. Inhabitants of *Buckingham,* 2 *Salk.* 534.

The law of this state now under discussion, is not explanatory, but remedial; the subject, therefore, of a different rule of construction; and not bound down by the language, it is to be expounded liberally in suppression of the contemplated mischief.

I, therefore, am of opinion, that the will in question may be proved by *Owen,* and rendered available to the devisees; and of consequence, that the judgment of the court at the circuit was correct.

The other Judges were of the same opinion.

New trial not to be granted.