## DUEL and another *vs.* FISHER.

A witness will not be excluded on the ground of interest, unless it appear that he is *certainly* interested in the event of the suit.

Therefore in replevin brought by the trustees, under an assignment for the payment of the debts of the assignor, against one who had taken a *part* of the assigned property, a preferred creditor is a competent witness for the plaintiffs, unless it be shown that his debt cannot be paid except the plaintiffs retain the property for which the suit is brought.

REPLEVIN, tried at the Washington circuit in October, 1844, before WILLARD, Cir. Judge. On the 4th of August, 1842, Levi Smith, being, as he stated in the assignment, in embarrassed circumstances, and unable to pay his debts, assigned all his property, real and personal, to the plaintiffs, *in trust* for the payment of his creditors, who were, by the assignment, divided into six classes, and were to be paid in the order of classification. On the 19th day of the same month the defendant obtained a judgment against Smith upon three promissory notes, issued an execution, and caused it to be levied upon some young cattle, which were a part of the assigned property. The plaintiffs thereupon brought this action of replevin. On the trial, the defendant gave evidence tending to show that there was no change of possession after the assignment: and he claimed to hold the property by virtue of the judgment and execution, and in hostility to the assignment. The plaintiffs called Leonard Blanchard as a witness, who was a preferred creditor in the assignment of Smith, for the purpose of proving by him that his debt, provided for by the assignment, was a just debt, which Smith ought to pay. The defendant objected

that the witness was interested, as a recovery by the plaintiffs would increase the fund out of which the witness was to be paid. The judge overruled the objection, and the witness was sworn and gave evidence. A like question was made in rela tion to two other witnesses, and was decided in the same way. The question of fraud was submitted to the jury, who found a verdict for the plaintiffs. The defendant moves for a new trial on a bill of exceptions.

*S. Stevens,* for the defendant, cited 6 *Hill,* 556, 583; 1 *Phil Ev.* 63; *Cowen & Hill's Notes,* 114.

*N. Hill, Jr.* for the plaintiffs, cited *Cowen & Hill's Notes,* 1501; 9 *Ad. & El.* 314; 3 *T. R.* 27; 9 *Ad. & El.* 327; 2 *Smith's Lead. Cas.* 49, 50, *note;* 4 *Burr.* 2254, 5; 18 *Wend.* 490, 503, 4; 9 *id.* 293; 1 *Murphy,* 406; 5 *B. & Ad.* 368; 6 *Esp.* 34; 1 *Camp.* 381; 1 *Phil. & Amos' Ev.* 117 *to* 119; *Ry. & Moo.* 31.

*By the Court,* BRONSON, Ch. J. The modern doctrine is, that objections to the competency of a witness on the score of interest are not to be favored; and it lies on the objector to show that the witness has a direct and certain interest in the event of the suit. That fact will not be presumed from doubt-ful circumstances; it must be proved. (*Shipton* v. *Thornton,* 9 *Ad. & El.* 314.) When the effect of the testimony will be to create, increase, or prevent the diminution of a fund in which the witness is entitled to participate, and without which the whole or some part of his debt or other claim will not be satis-fied, the witness is interested, and cannot be sworn. But when the fund already exists, and will continue to exist whatever may be the event of the suit, a witness who is called to protect or increase it, is not incompetent, unless it appear that the fund is not sufficient to satisfy all the claims charged upon it. For example; the creditor of a testator or intestate is a competent witness for the executor or administrator in an action affecting the assets, when nothing appears, or only doubtful evidence is

given, concerning the sufficiency of the fund for the payment of debts. A deficiency will not be presumed for the purpose of excluding the witness. (*Paull* v. *Brown*, 6 *Esp. R.* 34; *Nowell* v. *Davies*, 5 *B. & Ad.* 368; *Youst* v. *Martin*, 3 *Serg. & R.* 423; *Boyer* v. *Kendall*, 14 *id.* 178.) And a paid legatee is a competent witness to increase the assets, though he will be obliged to refund if the estate should afterwards turn out to be deficient. (*Clarke* v. *Gannon, Ry. & Moody*, 31.) But when it appears that the estate is insolvent, the creditor has a direct interest in enlarging or protecting the fund, and is therefore an incompetent witness for the executor or administrator. (*Craig* v. *Cundell*, 1 *Camp.* 381; *Flinn* v. *Chase*, (*ante, p.* 85.) And this rule applies in other cases where the fund is not sufficient to satisfy all the charges upon it. (*Carpenter* v. *Creal*, 6 *Hill*, 556; *Stebbins* v. *Sackett*, 5 *Conn.* 258.) It was said in *Clark* v. *Hoskins*, (6 *Conn.* 106,) that the witness was incompetent, although it appeared that the fund was sufficient to pay his debt, whatever might be the event of the suit. But the point was not necessarily adjudged; and I think the *dictum* cannot be supported. The witness has no interest in such a case.

In this case the assignment states the insolvency of Smith; and it follows, that the assigned property was not sufficient to pay all his debts. The defendant, by means of his judgment and execution, has acquired a preference over all the other creditors, and will be paid the whole amount of his debt, unless he is defeated by the prior assignment. If the other creditors all stood upon the same footing among themselves, they would have a direct interest in upholding the assignment against the defendant, as they would by that means obtain a larger dividend on their claims. But the creditors who were admitted as witnesses belong to a preferred class, and whatever may become of the young cattle in controversy, there is nothing to show that the residue of the assigned property is not sufficient to pay all the creditors in that class. For aught that appears, they will get the full amount of their debts, whichever party may succeed in this litigation; and consequently they have no legal

interest in the event of the suit.  It is substantially like the case of a creditor of a deceased person, who, as we have already seen, is a competent witness for the personal representative, in a suit touching the assets, unless it appear that the estate is insolvent.  We cannot presume the inadequacy of the fund for the purpose of excluding the witness.  The fact must be proved.

If this were a suit to set aside, or completely overthrow the assignment, the witnesses would clearly be incompetent on the ground of interest ; for if the assignment should fail, they would not only lose their preference, but in common with all the other creditors, save the defendant, their claims would be postponed to his.  He would be fully paid, while the other creditors could only get the residue of the fund, which is not sufficient to satisfy their demands.  But this is not a suit in which the assignment can be set aside, or entirely overthrown. The most that can happen is, that the conveyance may be declared void so far as relates to the judgment and execution of the defendant.  As to every thing else, the conveyance will remain in full force.  It is evident, therefore, that the witnesses only have an interest in the question, and not in the event of the suit ; and it is now fully settled, though the rule was formerly the other way, that an interest in the question does not render the witness incompetent.

New trial denied.