## A. & E. Morse *vs.* Cloyes and Hovey.

Although in pleading a bankrupt's discharge by a district court of the United States, the facts on which jurisdiction depends must be averred, yet when the discharge is offered in evidence, jurisdiction will be presumed, until the contrary appears.

The circuit and district courts of the United States, are courts of limited but not of inferior jurisdiction. If jurisdiction be not alledged in the proceedings, their judgments and decrees may be reversed for that cause, on a writ of error, or appeal; but until reversed they are not nullities, and can not be disregarded.

Although the bankrupt act makes the certificate of discharge evidence only when the discharge has been " duly granted," yet it need not first be shown that the requirements of the act have been complied with. The law will presume that the discharge was duly granted, until the contrary appears.

The rule by which jurisdiction in fact is presumed, from its exercise, does not attach by reason of the situation or character of the parties to the litigation, but by reason of the character of the court by which the decree was granted. And it is that character that gives efficacy to the decree, without proof of the preliminary proceedings to show the jurisdiction. Hence, whenever the decree is rightfully given in evidence due effect must be given to it, until it is shown that the court had not jurisdiction in the premises.

A bankrupt, after his discharge, is a competent witness for the plaintiffs in an action brought by his sureties to avoid a note given by them and the bankrupt, on the ground of usury.

To exclude the bankrupt as a witness, in such a case, it must be shown that at least there may be a surplus of his estate, to which he will be entitled. A surplus, and a consequent interest in the witness, will not be presumed.

Where interrogatories for the examination of a witness were not settled by an officer of the court under the statute, but were agreed upon by stipulation between the parties, and it was stipulated that the settlement of the interrogatories should be without prejudice to any valid objection to the competency of the witness; also to the admissibility in evidence of any entries in the books of the witness; also without prejudice to any valid objection on account of the immateriality of the first two cross-interrogatories; and with these reservations the interrogatories direct and cross were by such stipulation settled and were to be annexed to the commission; *Held* that by this stipulation the parties waived all objections to the form of the interrogatories; and that neither party could be allowed to make a mere formal objection, on the trial of the cause.

The section of the revised statutes which reserves to the parties every objection to the competency or relevancy of any question put to, or answer given

by, a witness examined upon commission, is not applicable to a case in which the parties have expressly stipulated and agreed upon the objections which are reserved, thus by implication waiving every other.

Where a witness stated that at the time a particular transaction occurred he kept a cash book, in which he regularly entered all his cash transactions, and that the same was then before him, and produced to the commissioner, and in which the amount of money received by him from one of the parties was entered by him, and gave an extract from the book, containing that entry, and one immediately preceding and another succeeding it; *Held* that it was competent for the witness to refresh his memory by referring to, and examining such entry; and that it was competent for the party to prove by him how and by what means he refreshed his memory, with a view of ascertaining the reliance to be placed upon it; but that the testimony was not evidence of the truth of the matter contained in the entry, or upon the question of fact in issue.

In an action brought to avoid a promissory note on the ground of usury, and to restrain a suit at law commenced thereon, the usurious contract must be substantially set forth in the complaint and must be proved as laid.

Where a defendant in a suit at law has a defense of usury, which he can establish, by a competent witness, without a discovery from the alledged usurer, but is so situated that he can not avail himself of the testimony of that witness, in the suit at law, he may resort to a court of equity for relief, in order that he may examine such witness. He is not bound to rely upon the testimony of the alledged usurer, even though the latter has no legal interest in the event of the suit at law.

IN EQUITY. This cause was before the late court of chancery upon a demurrer to the bill of complaint, and will be found reported in 1 *Sandf. Ch. Rep.* 187, and 1 *Barb. Ch. Rep.* 404. After the decision of the demurrer the defendants answered, and amongst other things denied the allegation that the note in controversy was in truth the property of Hovey, and averred that it had been transferred to Cloyes upon a good consideration, and that Hovey had no interest in it. No proof was given upon this question, on the trial before the referee. The cause was referred by stipulation to a sole referee, before whom the cause was heard. Upon the hearing, the plaintiffs offered in evidence the discharge of Thayer from his debts by the district court of the United States for the northern district of New-York, under the late bankrupt act of the United States, certified in the usual form under the seal of the court. The defendant objected to

its admission in evidence upon three grounds : 1. For the reason that the discharge did not set forth sufficiently the residence of said Thayer at the time the petition in bankruptcy was filed; 2. That the discharge did not sufficiently set forth the proceedings in bankruptcy to entitle the plaintiffs to read it in evidence, and that it did not show jurisdiction in the court granting it; and 3. That the plaintiffs should first prove the previous proceedings in bankruptcy. The referee overruled the objection, and the discharge and certificate were read in evidence. The plaintiffs then offered in evidence the deposition of Thayer taken upon a commission, and it was objected that Thayer was not a competent witness, for the reasons : 1. That he was entitled to a dividend of his estate under the bankrupt act; 2. That the code did not render him competent, because the note was given before the code took effect as law; 3. That he was liable over to the plaintiffs if they should be compelled to pay the note, and was therefore interested ; and 4. That he was a party defendant in the suit upon the same note, in the supreme court, and was therefore substantially a party to this suit and interested therein. Before the decision of the referee as to the competency of the witness, the counsel for the plaintiffs produced an assignment of all the residuary interest and surplus of the bankrupt in his estate, to him, the counsel, purporting to have been executed at Quincy, Illinois, by the bankrupt, in the presence of a subscribing witness, before the taking of his deposition, and the counsel testified that he drew the assignment and transmitted it by mail to Thayer at Quincy, Illinois, his place of residence, and received it from him by due course of mail, executed as it now appeared, and that the subscribing witness resided in Illinois ; that he knew the hand-writing of Thayer, and that the signature to the assignment was in his hand-writing. That he paid nothing for the transfer, and took it to remove any objection which might be made to the competency of Thayer as a witness. The defendant's counsel thereupon objected to the said assignment, and to the giving the same in evidence, for the reasons : 1. That the plaintiffs should produce the subscribing witness, by whom alone its execution could be proved ; 2. That

Morse v. Cloyes.

the plaintiffs had not proved the hand-writing of the subscribing witness ; 3. That the same was executed to make Thayer a witness ; 4. That it was void for want of consideration. The referee overruled the several objections as well as the objections to the competency of the witness, and admitted the depositions in evidence. The answers of the witness to several of the interrogatories were objected to, upon the ground that the interrogatories were leading in form, and the objection was overruled. During the trial, at the close of the plaintiffs' evidence, and again at the close of all the evidence ; the defendant took several objections to the right of the plaintiffs to recover in this action, and amongst others, that the plaintiffs had not established the usury by at least one credible witness over all the evidence on the part of Cloyes ; that the court had not jurisdiction, the plaintiffs having a perfect remedy at law ; and that there was a variance between the usurious contract alledged in the bill and that proved by Thayer. The referee ordered the bill to be dismissed as against Hovey, with costs, and a decree against Cloyes declaring the note void for usury, and restraining him from further prosecuting the suit at law therein, with costs to the plaintiffs as against him. Cloyes moved for and obtained a rehearing.

*G. F. Comstock*, for the plaintiff.

*T. Jenkins*, for the defendants.

*By the Court*, ALLEN, J. The objection to the admission in evidence of the discharge and certificate of Thayer was based upon the want of evidence, either appearing upon the face of the discharge or by extrinsic proof, that the court granting it had jurisdiction to entertain the proceedings, it being sought to bring the case within the rule which requires the jurisdiction of inferior courts and courts of special and limited jurisdiction to be affirmatively shown, before effect shall be given to their judgments or decrees. In *McCormick* v. *Sullivant*, (10 *Wheat.* 192,) it was held that the courts of the United States were courts of limited but not of inferior jurisdiction ; that if the

jurisdiction be not alledged in the proceedings their judgments and decrees may be reversed for that cause, on a writ of error and appeal, but until reversed they are not nullities, and can not be disregarded. The court of appeals followed this case in *Ruckman* v. *Cowell*, (1 *Comst. Rep.* 505,) and held that although in pleading a bankrupt's discharge by a district court of the United States, the facts on which jurisdiction depends must be averred, yet when the discharge is offered in evidence, jurisdiction will be presumed until the contrary appears. The same case also answers an objection taken upon the argument, that the bankrupt act only makes the certificate evidence when the discharge has been "duly granted," and that it must first be shown that the requirements of the act have been complied with. Bronson, J. says in reference to the same ground, taken in the case cited, "But the law presumes that it was duly granted, until the contrary appears." It is urged, however, in this case, that this rule is only applicable when the discharge is offered in evidence in behalf of the bankrupt, and that it is otherwise when a third person seeks to give it in evidence. But the rule by which jurisdiction in fact is presumed from its exercise, does not attach by reason of the situation or character of the parties to the litigation, but by reason of the character of the court by which the decree is granted ; and it is that character that gives efficacy to the decree, without proof of the preliminary proceedings to show the jurisdiction. Hence, whenever the decree is rightfully given in evidence, due effect must be given to it until it is shown that the court had not jurisdiction in the premises. It might be added that the bankrupt act, §4, provides that the discharge " shall *in all courts of justice* be deemed a full and complete discharge of all debts," &c. without limiting it to cases in which the bankrupt shall seek to avail himself of it. The discharge of Thayer was a material issue in this cause, in which the plaintiffs held the affirmative, and the legitimate evidence of the fact was the discharge and certificate which were given in evidence.

II. Thayer, after the proof of his discharge, was a competent witness for the plaintiffs. (1.) The result of the suit could

Morse *v.* Cloyes.

not affect his liability upon the note, or to his sureties, the plaintiffs in this action. He was discharged from all liability as well to his sureties, if they should be compelled to pay the debt, as to the holder of the note. (*Crafts* v. *Mott*, 5 *Barb. S. C. Rep.* 305. *Earle* v. *Oliver*, 2 *Ex. Rep.* 71.) (2.) This being a suit between the creditor and the sureties of the bankrupt, to which neither the bankrupt nor his assignee is a party, the estate of the former in the hands of his assignee, in which he is supposed to have a contingent interest, will not be increased or diminished by the decree in this cause. If the plaintiff fails in this action, the decree by no means makes the debt a charge upon the bankrupt's estate; nor does it necessarily follow that they can charge it upon such estate. Neither is the decree in this action conclusive against the rights of the defendant as the holder of the note, to prove it as a debt against the estate. (*Kyle* v. *Bostick*, 10 *Ala. Rep.* 589.) (3.) A surplus after payment of the debts of the bankrupt, will not be presumed in this case. The proof shows that Thayer, in 1837, failed and made an assignment of his property for the benefit of creditors, and that in 1842, upon his voluntary application, he was declared a bankrupt and discharged from his debts. Interest must be proved. It lies with the objector to show that the witness has a direct and certain interest in the event of the suit. The defendant, to exclude the bankrupt as a witness, upon the ground of interest in his estate, should have shown that at least there might be a surplus to which he would be entitled. (*Duel* v. *Fisher*, 4 *Den.* 515. *Cowen & Hill's Notes*, 58, 256.) It is true that Nelson, J. in *Butcher* v. *Forman*, (6 *Hill*, 583,) and again after his elevation to the bench of the supreme court of the United States, in *Bridges* v. *Armour*, (5 *How. U. S. Rep.* 91,) says that if the event of the suit may increase the effects of the bankrupt in the hands of the assignee, and thus increase the surplus which would belong to him, he is interested. This would doubtless be so if it would increase a surplus. It does not follow that a surplus will be presumed to exist. But without commenting upon the language of the learned judge, it is sufficient to say that in both cases the remark was uncalled

for, and was not necessary to the decision of the cause, and that he cites in support of it *Aflalo* v. *Fourdrinier*, (6 *Bing*. 306,) in which the question was not raised.    In that case the witness had in advance done what is claimed to have been done in this case—released all his interest in his estate.    If the remark of Judge Nelson was intended to convey the idea that a surplus and a consequent interest will be presumed, then it is in direct conflict with *Duel* v. *Fisher*, and inconsistent with the well established rule upon that subject.    (4.) Thayer is not a party to this suit, and the code, § 398, made applicable to pending suits by the act supplemental, § 4, declares that no person offered as a witness shall be excluded by reason of his interest in the event of the action.    (*And see Udall* v. *Walton*, 14 *M. & W.* 254.)    Whether the decision of the referee, admitting in evidence the assignment from Thayer to Mr. Comstock, of all interest in his estate, was correct, is wholly immaterial.    The evidence was given upon the collateral issue raised upon the competency of the witness, and not in the cause generally, and was immaterial in every aspect.    First, the witness was not shown to be interested, so as to require such transfer in order to restore his competency ; and secondly, if interested, he was still competent without such transfer, and the decision of the referee must necessarily have been the same if the assignment had been excluded.

III. The question next in order arises upon the objection to the answer of the witness Thayer to the 4th, 5th, 6th, 9th and 10th interrogatories, upon the ground that these interrogatories were leading in form.    The interrogatories were not settled by an officer of the court under the statute, but were agreed upon by stipulation between the parties.    It was stipulated that the settlement of the interrogatories should be without prejudice to any valid objection to the competency of Thayer as a witness, also to the admissibility in evidence of any entries in the books of said Thayer, referred to in said interrogatories ; also without prejudice to any valid objection on account of the immateriality of the two first cross-interrogatories, and with these reservations that the interrogatories direct and cross be, and the

Morse v. Cloyes.

same were by such stipulation settled, and were to be annexed to the commission. By this stipulation the parties waived all objection to the form of the interrogatories. They provided by it for the reservation of all rights and objections which they deemed important, and by such provision evidently designed to waive all others. It would be a fraud upon the plaintiffs to allow a mere formal objection to be made for the first time upon the trial, when if before made, it could so easily have been obviated. The statute (2 *R. S.* 396, § 23) reserves to the parties every objection to the competency or relevancy of any question put to, or answer given by, a witness examined upon commission ; but that is not applicable to a case in which the parties have expressly stipulated and agreed upon the objections which are reserved, thus by implication waiving every other. In Massachusetts and Pennsylvania the rule is that objections to the form of the interrogatories must be taken before they are annexed to the commission and go to the commissioner. (*Porter* v. *Leeds*, 1 *Pick.* 308. 3 *Binn.* 130. *Anon.* 2 *Pick.* 165. 10 *Serg. & R.* 63. 7 *Greenl.* 181. *And see per Sutherland, J. Travers* v. *Ocean Ins. Co.* 6 *Cowen*, 415.) It is true that in *Williams* v. *Eldridge*, (1 *Hill*, 249,) it was held that the objection to an interrogatory annexed to a commission, on the ground of its being leading, may be made when the answer is proposed to be read in evidence ; especially when the interrogatories are annexed under a stipulation, expressly *saving all legal exceptions.* It is conceded that error will hardly lie for allowing a leading question to be put in a personal examination of a witness ; for the reason that the court have a discretion in permitting it, and the party whose right it is to object may certainly waive it. This point in *Williams* v. *Eldridge*, was rightly decided upon the form of the stipulation, which was entirely unlike the agreement in this case, and I am of the opinion the more reasonable practice, in the absence of a stipulation, is that adopted in Massachusetts. A leading question is always competent if not objected to. But the interrogatories are unobjectionable in point of form. The 4th and 5th, although leading, were merely introductory, to call the attention of the

witness to the matters in controversy, and relate to matters alledged in the bill and admitted by the answer. The other interrogatories objected to were not leading, and did not point the witness to the desired answer.

IV. The defendant also objects to the answers of the witness to the 10th and 11th interrogatories in which the witness states that at the time of the transaction he kept a cash book, in which he regularly entered all his cash transactions, and that the same was then before him, and produced to the commissioner, and in which the account of money received by him from Hovey was entered by him, and gives an extract from the book containing that entry and one immediately preceding and another succeeding it. The objection was not to that part of the answer which gives the extract from the entries in the book, but to the entire answer, and was upon the grounds : 1. That the evidence did not purport to be called for with a view to refresh the witness' recollection, and was not therefore admissible for that purpose. 2d. That the evidence was incompetent for any purpose ; and 3d. That it did not appear when the entry was made ; and that the entry was not competent evidence for any purpose. The referee overruled the objection and held the answers competent, but not as evidence of the truth of the matter contained therein, or upon the question of fact in issue ; deciding merely that it was competent for the witness to refresh his memory by referring to, and examining such entry, and that it was competent for the plaintiffs to prove by him how and by what means he refreshed his memory, with a view of ascertaining the reliance to be placed upon it. To this extent, and for the reasons assigned by the referee, we think the evidence admissible. The plain inference is that the entry was made at the time of the transaction, and was properly used by the witness to refresh his recollection. (*Cow. & Hill's Notes, note* 421, *p.* 550. *Per Chancellor Walworth,* 11 *Wend. R.* 485. *Robertson* v. *Lynch,* 18 *John. R.* 451. *Greenl. Ev.* §§ 436, 439. *Bank of Monroe* v. *Culver,* 2 *Hill* 531. 16 *Wend.* 599.) But if the answers to these interrogatories are stricken out, the result must be the same. The witness testifies positively to the usury, and

Morse v. Cloyes.

under the circumstances of the case the decree would not be reversed if his recollection was not fortified by the entries in his books, made at the time. In *Steinkeller* v. *Newton*, (1 *C. & P.* 313,) the question was different, and was upon the admissibility in evidence of a copy of a letter, the original not being produced. No such question is made here.

V. There was no varience between the contract testified to by Thayer and that set forth in the · bill of complaint. The usurious contract must doubtless be proved as laid. The contract must be substantially set forth in the bill and must be proved as alledged. (4 *Paige*, 533. 8 *Id.* 452.) The agreement alledged in the bill of complaint is that the borrower should deliver to Hovey the note in question for $800, and that Hovey should lend and advance thereon $760, receiving the note at its face and thus reserving $40 as usurious interest thereon. This is alledged as the substance of the transaction. In his deposition the witness states the transaction precisely as stated in the bill, to wit, that he did deliver the note for $800 and received as a loan thereon $760, and further that the agreement was to pay interest at the rate of 12 per cent, five per cent being deducted from the amount of the loan, which is equivalent to payment in advance. (*Bank of Salina* v. *Henry*, 2 *Den.* 155. *S. C.* 3 *Id.* 593.) The note provided for the payment of the balance of the 12 per cent, it being on interest. The parties called the loan $800. Five per cent upon that was $40 which was paid precisely as stated in the bill. True, call the loan $760 and the five per cent amounted to less than $40 ; but the parties did not so treat it, either in the negotiation or in the consummation and carrying out of the contract.

VI. The only remaining question of importance is that raised by the defendant, to the jurisdiction of the court to grant the relief sought in this case. The plaintiffs, in their bill of complaint, alledge that the usurious agreement was known only to Hovey and Thayer ; that Hovey was the real party in interest, and that the courts of law had held that a party in interest not being a party to the record, could not be called and compelled to testify under the provisions of the act to prevent usury, passed

May 15, 1837 ; and that Thayer being a party to the record in the suit at law, could not be improved as a witness in behalf of his co-defendants, the plaintiff in this action; but that in this action they will be entitled to his testimony, and they waive an answer upon oath from Hovey, showing they rely in this court not upon any discovery from Hovey, but upon the evidence of Thayer. This ground, to wit, that in this court they can improve Thayer as a witness, while they could not do it in the action at law, they put forth and rely upon to give the court jurisdiction. · Upon the decision of the demurrer to the bill in this cause which was interposed to the jurisdiction of the court, no stress was laid upon the allegation that the court of law had held that parties in the situation in which Hovey was alledged to be, could not be improved as witnesses. On the contrary, it was held that he was a competent witness and might be called by the defendants and compelled to testify in their behalf in relation to the alledged usury. So that it was not to enable the plaintiff to obtain a discovery from him, that the court overruled the demurrer and retained jurisdiction of the cause. That the plaintiff could have done in the suit at law. (*Morse* v. *Hovey,* 1 *Sandf. Ch. Rep.* 187. *S. C.* 1 *Barb. S. C. Rep.* 404. *Henry* v. *The Bank of Salina,* 5 *Hill,* 523. *Stevens* v. *White, Id.* 548.) The assistant vice chancellor held, and his decree was approved by the chancellor upon appeal, that although Hovey was a competent witness, the defendants in the action at law were not bound to rely upon his testimony, but could resort to the court of chancery, in which they could avail themselves of the evidence of their co-defendant in that action. It is true that the case stood then upon the bill with the allegation therein, that Hovey was the party in interest in the action at law, and that fact is alluded to in the opinions pronounced. That fact is denied in the answer and is not proved. It is now urged that the entire reason upon which the court of chancery overruled the demurrer to the jurisdiction, to wit, that Thayer was the only *disinterested* witness by whom the usury could be proved, was shown not to exist, and that Hovey was and is equally disinterested; so that there was therefore no necessity

for the resort to this action. It might be answered that it does not affirmatively appear that Hovey could have been compelled to testify. For aught that appears an indictment may have been found against him before the statute of limitations had run against the offense ; and if so, he would have been privileged from testifying to any fact which would have formed a link in the chain of testimony necessary to convict him. (*Henry* v. *Salina Bank,* 1 *Comst.* 83. *S. C.* 2 *Denio,* 155.) But without resting the decision upon this view of the case, I think we may say with the assistant vice chancellor, that the plaintiffs in this suit were not compelled to rely upon the oath of Hovey. He was the usurer, and although as it now appears he had no legal interest in the event of the suit at law, as he had sold the note to his son-in-law ; still, he was charged with an offense against the laws of the land, and although no legal penalty could, perhaps, have attached to an admission of the fact at that day, his reputation and character were involved in the charge. No man can be said to be entirely free from interest in an issue upon his guilt or innocence of a criminal offense, even if by reason of the lapse of time a prosecution is barred. An interest in that question will frequently greatly outweigh any pecuniary interest. And if a pecuniary interest adverse to the defendants in the suit at law, which did not destroy the competency, would authorize a resort to this court, then, in my judgment, the situation of Hovey and his relation to the offense charged, would equally excuse the defendant from relying upon his evidence when other evidence could be had by resorting to a court of equity. In the language of the chancellor, " if the complainant can establish this defense of usury by a competent witness without a discovery from the alledged usurer, but is so situated that he can not avail himself of the testimony of that witness in the suit at law, he may resort to this court for relief." (1 *Barb. Ch. Rep.* 406.)

The decree must be affirmed with costs.

[OSWEGO GENERAL TERM, May 5, 1851. *Pratt, Gridley, Allen* and *Hubbard,* Justices.]