## A. and E. MORSE *against* CLOYES.—E. and E. MORSE *against* THE SAME.

*Equity jurisdiction ; usury ; witness.*

THE jurisdiction of a court of equity to arrest the prosecution of an action at law, and take to itself the determination of the controversy, depends upon the necessity for the interference of that court to prevent the failure of justice.

Such jurisdiction cannot properly be resorted to by a defendant in a suit at law to obtain the testimony of a party to the suit, which is available only in equity, unless it be alleged and shown by him that the testimony sought is material to his defence, *and that he is without means of proving the same facts at law.*

One who loaned money in 1835 at a usurious rate of interest, and received as security for its repayment the note of the borrower, with sureties, and afterwards transferred the note for value to a third person, is a competent witness for the makers to prove the usury, in an action brought against them by the holder of the note.

The lender could be compelled to testify in such case,

the act of 1837 making penal the receiving of interest beyond that allowed by law, not being retrospective in its operation.

The sureties could not resort to equity to obtain the testimony of the borrower (after his discharge in bankruptcy) to prove the usury, without alleging and proving that the testimony of the lender was unavailable at law for that purpose.

(S. C., 11 Barb. 100.)