ALBANY,
Jan. 1832.

Bellinger
v.
The People.

---

## BELLINGER *vs.* THE PEOPLE.

A witness who has preferred a complaint for felony, and who on the prisoner being brought before the magistrate, was examined, and his examination reduced to writing, is not bound when testifying on the trial, to answer as to the evidence given by him on making his complaint, and on his examination before the magistrate.

*It seems* also that a witness is not bound to answer as to matters reduced to writing by himself, or by another and subscribed by him, until after the writing has been produced and read or shewn to him.

An *examination* of a witness, taken on a prisoner being brought before a magistrate, is not admissible in evidence until duly proved by competent testimony, that it is the same as when sworn to.

ERROR from the Oneida oyer and terminer. The prisoner was indicted for a felony, on the complaint of Eve Bellinger, his daughter, who, on the trial of the indictment, testified as a witness against him. The counsel for the prisoner, with a view to impeach her testimony, inquired of her as to the evidence which she had given when she made her complaint to the magistrate, and on her examination before him when the prisoner was arrested, for the purpose of shewing that she had sworn differently when she made the complaint from what she had testified to on the trial; the inquiry was overruled by the court. The counsel for the prisoner in his defence, and with a view of impeaching the witness, offered in evidence her examination on oath, taken before the magistrate, when the prisoner was brought before him; the examination purported to have been taken before the magistrate, and was filed on the first day of the general sessions, in which court the prisoner

was indicted. The district attorney objected to its admission unless it was duly proved, and not being proved, the court refused to receive it. The prisoner was convicted, and having excepted to the decisions of the court, he sued out a writ of error.

*W. C. Noyes*, for the prisoner.

*H. Denio*, (district attorney) for the people.

*By the Court*, SUTHERLAND, J. Two questions are presented by the bill of exceptions : 1st. Whether the witness, Eve Bellinger, was bound to answer upon her cross-examination before the magistrate ; and 2d, whether the examination taken by the magistrate, and filed by him in the clerk's office, was, *per se*, competent evidence for the purpose of impeaching the witness, by shewing that her testimony on that occasion differed essentially 'from what she had sworn to upon the trial.

1st. The court below decided that the witness was not bound to answer the question, as to what she had sworn to on her examination before the magistrate, because her answer might subject her to a prosecution for perjury. It is well settled, that a witness cannot be compelled to answer any question, the answer to which may have a tendency to subject him to criminal punishment or a penal liability. This rule rests upon the principle that no man is bound to criminate himself, or furnish matter for his own conviction. 1 Phil. Ev. 222, ch. 8, § 7. 1 Stark. Ev. 135, part 2, § 22, 23, 24. 3 id. 1739, 40, part 4. 1 Chitty Crim. L. 620, 1. 16 Vesey, 239, 242. 3 Taunt. 424. 2 Swanst. 215. Strange, 444.. 4 State Trials, 6, 9, 10. 6 id. 649. 2 Dougl. 593. 2 Ld. Raym. 1088. 3 Campb. N. P. 210. 1 Burr's Trial, 244. And in *The People* v. *Mather*, 4 Wendell, 252, this doctrine was very fully considered by this court, upon a review of all the leading cases upon this subject ; it is unnecessary, therefore, again to discuss it, or to enter into a minute consideration of the authorities. Let us consider then for a moment, how the answer to the question put to the witness *might* tend to prove her guilty

of a criminal offence. The rule does not require that such should be its necessary or direct effect; it is sufficient that *it may have a tendency to produce that result;* and if any answer will have that effect, it is sufficient to exclude the question, without speculating upon the fact, whether such answer will in truth be given. I do not know that it is essential that the answer to be given by the witness should be such as may be used as evidence against him upon a criminal prosecution, in order to exclude the question; if the answer may shew that he has been guilty of a criminal offence, or incurred a penalty, and thereby lead to or induce criminal proceedings against him, although it may not be competent evidence against him upon trial, I apprehend he is still excused from giving it, and the question must be overruled. 1 Atk. 539. 3 id. 276. 16 Vesey, 242. The principle of the rule seems to require that it should be carried to that extent. In this point of view, an answer to the question put to the witness might tend to prove her guilty of a criminal offence; if she had admitted in her answer that her former testimony was different, in a material point, from that which she gave on the trial of the indictment, she would have proved herself to have been guilty of perjury; for her former examination was a judicial one, and if she swore falsely then, she was liable to criminal punishment. But circumstances may be imagined in which the answer which the witness might have given would be competent and material evidence against her.

The question proposed to be put to the witness was, " as to the evidence which she had given when she made complaint, on the examination before the magistrate who issued the warrant against the prisoner;" that is, she was desired to state what she swore to on that occasion. If the witness should be indicted for perjury in relation to the testimony then given by her, a material enquiry would be, as to what she then swore to, and if the magistrate had omitted to reduce the examination to writing, or it was informally and imperfectly done, her evidence on that occasion would have to be estab'ished by the testimony of the magistrate himself, or other witnesses who were present and heard it; and under such circumstances her own account of the matter might not only be material, but de-

ALBANY,
Jan. 1832.

Bellinger
v.
The People.

cisive evidence against her. *Rex* v. *Merceron*, 2 Stark. R.
366. See also, 4 Campb. 16. Archb. Crim. Pl. 73. Stark.
Ev. part 4, 50, 1044. I am inclined to think, therefore, that
the witness was properly excused from answering the question
put to her, on the ground on which it was placed by the court
below, that it might tend to implicate her in a criminal of-
fence.

But the question was inadmissible on other grounds also.
It subsequently appeared, and probably it was understood or
admitted at the time when the witness was interrogated, that
her examination before the magistrate was reduced to writing ;
so far, therefore, as the object of the inquiry was to shew what
her testimony was before the magistrate, it was improper,
because the examination itself was higher and better evidence
of the fact. 1 Stark. Ev. 102. 3 id. 1043, 44. It was en-
tirely unnecessary and useless, therefore, to examine her up-
on the subject, and could have no other effect than to test the
strength, or shew the weakness of her memory. 3 Stark. Ev.
1746. In the proceedings in the House of Lords in the late
queen's case, 2 Brod. & Bing. 288, 3 Stark. Ev. 1742, it
was held that a witness could not, upon cross-examination, be
asked whether, in a certain letter (admitted to have been
written by the witness, and in the hands of the party putting
the question) he did or did not make certain statements, or use
certain expressions, but that the letter itself must first be read
before the cross-examination can be pursued ; and such is be-
lieved to be the established rule and practice in this state.
This principle seems to be applicable to a case like this; and to
shew that the examination of the witness taken by the magis-
trate, should first have been read or shewn to the witness, be-
fore she could be cross-examined in relation to her testimony
on that occasion.

2. The examination was properly rejected. It was offered
in evidence without any accompanying proof whatever. Our
statute, 2 R. S. 709, § 19, makes it the duty of the magistrate,
in such cases, to reduce the evidence given by the witnesses
examined by him to writing, and further directs that the wit-
nesses shall sign such examination. And the 26th section pro-
vides that all *examinations* and recognizances shall be certified

by the magistrate taking the same, to the court at which the witnesses are bound to appear, on the first day of the sitting thereof. But there is no statutory provision that such examination shall be evidence without proof. The proceeding in relation to the examination of the *prisioner* and of the *witnesses* are precisely the same ; the examinations are to be taken and certified and returned in the same. manner, 2 R. S. 708, § 16, and I apprehend must be proved in the same manner also. The provisions of the Revised Statutes are substantially the same as the law stood before, under the revision of 1813, 2 R. L. 507, § 2 ; which was not essentially different from the English statutes, 1 and 2 Philip & Mary, ch. 13, and 2 and 3 id. ch. 11. 1 Phil. Ev. 295, 6. 1 Chitty C. L. 75. It is well settled under the English statutes, that in order to entitle the examinations of witnesses to be read, it must be proved by competent testimony that they are the same, without alteration, as those sworn before the magistrate. 1 Chitty C. L. 81, 65. 1 Hale, 305. 2 id. 52, 284. Kel. 55. Archb. 66, 73, 4. Mr. Chitty, 1 C. L. 478, says, before their depositions can be received, evidence must be given that they are the identical papers taken before the justices, without alteration ; and this authentication is as necessary when the depositions are introduced by the defendant for the purpose of destroying the credit of any witness for the prosecution, by shewing that he varies from the statement he made before the magistrate, as when offered in evidence against the prisioner. Lord Stafford's case, 3 State trials, 131. Hawk. P. C. b. 2, ch. 46, § 22. 2 State Trials, 622, 627, 644 to 651. 1 Phil. Ev. 297. Stark. Ev. part 2, 280, part 4, 489, 90. In Lord Stafford's case, Oates, the witness, proved that the paper produced contained his deposition. 3 State Trials, 153. The deposition in this case was, therefore, properly excluded. The judgment of the court of oyer and terminer must be affirmed.