THE BANK OF SALINA *vs.* HENRY, impleaded with Pierce.

One who secures to himself a usurious premium by *retaining* more than lawful interest out of the amount of a security discounted by him, is indictable for *receiving* usury contrary to the statute.

Therefore a *witness cannot be compelled to testify to the fact of* having taken usury . in that manner.

Evidence of an *usurious agreement forms a link in the chain of evidence to shew* usury actually paid, and therefore a lender cannot as a witness between other par-

ties be compelled to testify to such an agreement, where it does not affirmatively appear that he has not received the usury.

Where a defendant sued on a note set up usury in a notice which he verified according to the statute, and then called one C., not the plaintiff or the record, but who he claimed was the plaintiff *in interest,* by whom he offered to prove the usury; *held* that C. was not bound to testify until it was first proved that he *was* such plaintiff in interest.

Where the defendants' counsel in opening the defence stated that a teller of the plaintiffs who were a banking corporation had discounted the note sued on for a usurious premium, with knowledge that it had been offered to the bank for discount and had been refused, and then called the teller as a witness to prove these facts, *held* that he was privileged from testifying on the ground that his testimony would tend to subject him to a forfeiture of twice the amount of the loan, under the provisions of 1 *R. S.* 595, § 28.

It is not an answer to the witness' claim of privilege that the statute of limitations has run against the offence, unless it affirmatively appear that no proceedings to enforce a penalty were commenced within the period of limitation.

ASSUMPSIT, tried before MOSELEY, C. Judge, in April, 1844. The action was on a promissory note made by the defendants—Henry signing as a surety for Pierce—dated April 20, 1838, payable to the plaintiffs 63 days after date. The defendant Henry pleaded the general issue, and gave notice of the defence · of usury, verifying the notice by affidavit pursuant to the usury statute of 1837. After the plaintiffs had made out their case and rested, the counsel for the defendant stated that the defence was usury; that the note was made to be discounted by the plaintiffs' bank for the benefit of the defendant Pierce, and was by him presented to the bank for discount; that the bank refused to discount it, which was known to *Elisha Chapman,* who was then the *teller* of the bank; that afterwards, Chapman, with full knowledge that the note had been presented at the bank and refused, discounted the same; and in so doing deducted $10 from the face of the note, under a corrupt and usurious agreement between him and Pierce. The defendant called *Chapman,* and had him sworn as a witness; and proposed to prove by him, *under the general issue,* that the note was usurious and void. The witness objected to answering on the ground that his answer would form a link in a chain of testimony to convict him of a misdemeanor; or would expose him to a penalty or

forfeiture—referring to the usury act of 1837, and to 1 *R. S.* 595, § 28. The judge sustained the objection, and the defendant excepted.

The defendant then offered to prove the usury by the witness *under the notice served with the plea*, on the ground that the witness was the plaintiff in interest. To this the witness objected on the grounds, *first* that he could not be compelled to testify to usury under the notice and the act of 1837, unless it should first appear that he was the plaintiff in interest; and *second*, that the answers would subject him to a penalty or forfeiture under the *R. S.* previously referred to. Objection sustained; and defendant excepted. The defendant then offered to prove by the witness himself that he was the party in interest. This was also rejected; and an exception taken. The same questions were made in other forms. Verdict for plaintiffs. The defendant moves for a new trial on a bill of exceptions.

*F. M. Haight*, for the defendant.

*G. F. Comstock*, for the plaintiffs.

*By the Court*, Bronson, Ch. J. The receiving of usury is a misdemeanor; (*Stat. of* 1837, *p.* 487, § 6;) and the witness Chapman was requested to give evidence which would either have charged, or tended *to* charge himself with that offence. In opening the defence, the counsel proposed to show, among other things, that the witness "*discounted* the said note, and in so doing *deducted* $10 from the face thereof, under a corrupt and usurious agreement between him and the said Pierce." As the note had only 63 days to run, the transaction was clearly usurious: and as the witness "discounted" the note, and "deducted" the ten dollars, I do not see why the case does not come within the very words of the statute, which makes it a misdemeanor "to receive any greater *interest, discount, or consideration*" than the law allows. The witness has got the excessive interest or discount in his pocket. It is the same thing, in substance, as though he had first paid the whole face

of the note, and Pierce had then handed back the ten dollars. But if there can be any doubt of the soundness of this position, it is enough that proof of the illegal agreement and discount might furnish a link in a chain of evidence to show the usury actually paid ; and so that the offence was fully consummated. A witness is not bound to give evidence *tending* to criminate himself, or which will form a link in a chain of proof leading to that result. The precise point was adjudged in *Burns* v. *Kempshall,* (24 *Wend.* 360,) and that decision was affirmed by the court of errors. (4 *Hill,* 468.) *Cloyes* v. *Thayer,* (3 *Hill,* 564,) is another case to the same effect. Those cases are in one respect stronger than the one now before us ; for they arose upon notes which had been discounted prior to the usury law of 1837, when the taking of usury only subjected the party to a penalty or forfeiture ; whereas now the taking of usury is a criminal offence.

When the offer was to prove the defence under the general issue, Chapman was called as a mere witness, and not as plaintiff under the usury law of 1837 ; (§§ 2, 8 ;) and consequently the statute would afford him no protection. What he might say could, like any other confession, be given in evidence against him on an indictment for usury. It is clear therefore, that he could not be compelled to answer when called as a witness merely, and not as plaintiff.

The defendant then proposed to prove the usury under the notice annexed to the plea, and called upon Chapman to answer as the plaintiff in interest : and the statute has been so extended by construction that it now reaches the plaintiff in interest, as well as the plaintiff on record. (*Henry* v. *Bank of Salina,* 5 *Hill,* 523.) But Chapman objects, that before he can be compelled to answer and criminate himself, it must first appear that he is the plaintiff in interest ; and I think the objection unanswerable. He is not the plaintiff in form, nor does it appear that he is so in fact ; and in that state of the case, the statute neither authorizes his being called as a witness, compels him to answer, nor protects him against the consequences of criminating himself. There is no escape from this difficulty. When one

is called who does not appear to be the plaintiff, either in form or in fact, the statute has nothing to do with the case: he stands as a mere witness; and when he sustains that character alone, he cannot, as we have already seen, be compelled to answer. As a mere witness, and nothing more, Chapman was privileged from answering: and as there was no proof that he sustained any other character, there was no authority for requiring him to speak. There is, I think, no way to avoid the difficulty short of an amendment to the statute; and that we have not the power to make.

There is also another ground on which the witness was privileged from testifying. The defendant proposed to show, that Chapman was the teller of the bank, and that he discounted the note after it had been offered to the bank for discount and refused, he having full knowledge of that fact. That was an offence for which he would forfeit twice the amount of the loan. (1 *R. S.* 595, § 28.) And I need only refer to the case of *Burns* v. *Kempshall,* (24 *Wend.* 360, *and* 4 *Hill,* 468, *in error,*) for an illustration and confirmation of the well established principle, that a witness is not obliged to speak where the answer will subject, or may tend to subject him to a penalty or forfeiture. The forfeiture in that case only extended to the usurious interest; while here it is twice the amount of the loan.

The usury law of 1837 would not protect the witness against the consequences of his testimony for two reasons: first, he would not, as we have already seen, answer as plaintiff; and second, the statute only provides that the testimony given by the plaintiff shall not be used against him "before any grand jury, or on the trial of any indictment." (§ 8.) The forfeiture of twice the amount of the loan is not enforced by indictment, but by action; and the testimony might, like any other admission, be used against the witness in an action to recover the money.

But it is said that the statute of limitations had run, (2 *R. S.* 481, § 3, *and p.* 297, § 29; 1 *id.* 383, § 91;) so that the forfeiture could not now be enforced; and when the witness is protected by the statute of limitations he must answer. (*Close* v. *Olney,* 1 *Denio,* 319.) But it should appear affirmatively that no pro-

ceedings had been commenced, so that the statute would afford a complete protection. (*U. S.* v. *Smith*, 4 *Day*, 121; *Roberts* v. *Allatt*, 1 *Mood. & Mal.* 192.) For aught that appears in this case, the testimony of the witness, if required to answer, might be effectually used against him.

And further: the statute of limitations was not even mentioned on the trial; and it is well settled that a party cannot take an objection, or start a question here, which, if it had been mentioned at the proper time, might have received a satisfactory answer. If this question had been made on the trial, it might have been shown in answer to it, that an action for the forfeiture had been commenced in due time, and was still pending. And besides, the burden of proof did not lie on the witness. It was the business of the party who called him to show that the statute would afford him a complete protection.

New trial denied.