FANNY E. NEWCOMB, Administratrix, v. GRISWOLD.

On the cross-examination of a witness he cannot be asked whether he had been convicted of petit larceny, although he do not object. The party has a right to insist that the fact be proved, if at all, by the record.
So also the party may object, though the witness do not, to a question whether the latter had made certain statements in an affidavit which was not produced.

THIS was an action of trover for a quantity of hay cut by the defendant, on premises owned by the plaintiff's intestate, John E. Newcomb, and carried off and converted to his own use. The referee gave judgment for the value of the grass or hay cut. The judgment of the referee was affirmed by the Supreme Court, and the defendant appealed to this court. Certain questions of evidence arose upon the trial, which are sufficiently referred to in the opinion.

*James Gibson*, for the appellant.

*Joseph Potter*, for the respondent.

ALLEN, J. One of the witnesses for the plaintiff was asked, on cross-examination, whether he had been convicted of petit

larceny in this State. The question was objected to upon several grounds, and, among others, for the reason that there was better evidence of the conviction. The objection was sustained, and the evidence excluded. The general rule is well settled that evidence by way of impeachment of the character of the witness for veracity must be confined to his general reputation, and that proof of specific acts cannot be given. The embarrassment that would arise from the number of collateral issues which might spring up in the course of a trial would alone constitute a serious objection to the admissibility of evidence to establish specific crimes against the witnesses. Another reason for confining evidence affecting the character of witnesses to their general reputation is, that every man is supposed to be capable of supporting his general character, but would not be likely to be prepared to answer particular charges without notice. (1 Greenl. Ev., § 461; 1 Phil. Ev., 291; Cowen & Hill's Notes, 530, p. 766.) These reasons are not controlling when the inquiry is made of the witness as to his own acts or offences, which he may well be supposed able to explain at any time, and when his answers are conclusive and preclude further inquiry, as is the case as to all collateral matters affecting his general credit, so that side issues cannot be made to embarrass the trial of the principal issue. A witness cannot be asked as to any collateral and independent fact, with a view to contradict him. (*Spencely* v. *De Willott*, 7 East., 108; *Lawrence* v. *Barker*, 5 Wend., 301; *Harris* v. *Nelson*, 7 id., 57; *Howard* v. *The City Fire Ins. Co.*, 4 Denio, 502.) In the latitude of cross-examination, and to enable the jury to understand the character of the witnesses they are called upon to believe, collateral evidence is allowed from the witness himself, tending to discredit and disgrace the witness under examination. The witness may be privileged from answering; but the question may be put, and, if the witness waive his privilege, answered, if the answer relate to the conduct of the witness and legitimately affect his credit for veracity. (1 Greenl. Ev., § 460.) The boundary and limit of such examination is not well defined, and the cases may not be in

harmony touching the principle upon which whatever of rule there may be rests, or the extent to which the rule should be carried in permitting a cross-examination as to independent, collateral acts of the witness affecting his moral character, or as to specific acts of criminality or crime. Here the question objected to did not call for a statement in explanation of any act of the witness; but it was sought to prove such conduct, and the guilt of the defendant, by proof of an independent fact, to wit, his conviction of the offence. Of that fact there was higher evidence, if it was admissible at all. It would be no answer to say that the record of conviction for a misdemeanor was not admissible in evidence for any purpose, if that were so. If the fact of conviction could be proved, the record was competent. The fact could not be made competent by proving it by inferior and secondary evidence. Prof. Greenleaf says (1 Greenl. Ev., § 457): " But, on the other hand, when the question involves the fact of a previous conviction, it *ought not to be asked,* because there is higher and better evidence which ought to be offered." If the question ought not to be asked, the objection cannot be referred to the privilege of the witness. It seems that proof of conviction for petit larceny was competent by way of impeachment. (*Carpenter* v. *Nixon,* 5 Hill, 260.)

Collateral issues form no exception to the general rule requiring the best evidence to be given ; and there is no distinction between evidence to the competency and that to the credit of a witness. In both issues the party has the same interest, and is entitled to the same grade of evidence upon each ; and, upon principle as well as upon authority, parol proof of the conviction was inadmissible. In *King* v. *The Inhabitants of Castell Careinion* (8 East., 77), it was held that a party, interested in a witness' testimony who was objected to on account of his having been convicted for felony and his imprisonment being unexpired, was entitled to insist on proof of such conviction by the record, though admitted by the witness himself. Lord ELLENBOROUGH says: " The evidence went to affect the rights of third persons, namely, the litigant

parties. Whether or not the witness was convicted of the felony, would appear by the record; and it cannot be seriously argued that a record can be proved by the admissions of any witness. He may have mistaken what passed in court," &c. This case was cited and followed in *People* v. *Herrick* (13 John., 82), and in that case, as in others, the objection was taken by counsel for the prisoner, and not by the witness. Again, in *Hilts* v. *Colvin* (14 John., 182), the precise objection, that the record was the only competent evidence of the conviction, was taken by the party, and the court held that he who would take exception to a witness on the ground of his conviction of a *crimen falsi*, must have a copy of the record of conviction ready to produce in court. Evidence that a witness had been indicted for perjury and forgery was excluded in *Jackson* v. *Osborn* (2 Wend., 555). The objection to the question was properly sustained and the evidence excluded.

The defendant, on the cross-examination of the same witness, asked, "Did you make oath, at same time and place, before Underwood, Master in Chancery, that you never had any conversation with Griswold, to your recollection, about Newcomb's cutting a portion of the grass of 1847, nor about any arrangement between them about cutting said grass?" The question was objected to for several reasons, among others because the affidavit was the best evidence; and the objection was sustained. The witness had before stated that he had not, "in words or in substance," so stated to or before Underwood at the time and place referred to; and the only variation in the question was as to his having made oath to such statement. The question had been sufficiently answered before, and was properly excluded for that reason. The defendant had the full benefit of the denial of the witness. But it was properly rejected, for the reason that the statement was in writing, and in the form of a deposition or affidavit, and should have been produced. A witness is not bound to answer as to matters reduced to writing by himself or another, and subscribed by him, until after the writing has been produced and read or shown to him. (*Bellinger* v. *People*, 8 Wend., 595.) The rule

was held upon the trial of the Queen in the House of Lords (2 B. & B., 288), that a witness could not, upon cross-examination, be asked whether, in a certain letter written by the witness and in the hands of the examining party, he did or did not make certain statements, but that the letter itself must first be read.   This objection was well taken. .

The judgment of the court below should be affirmed.

Smith, J., dissented.

Judgment affirmed.