By the Court:

Spencer, J.
The verdict of the jury upon this conflict of testimony should not be disturbed or set aside, as against the weight of evidence, nor do I think the court erred in refusing to charge the jury as requested by defendant’s counsel.
There are two other rulings or points in this case claimed as error by the defendant.
First.—That the court erred in refusing to allow this question to be answered (after defendant’s counsel had read a portion of the examination or deposition of the witness taken before the trial on the part of the defendant): Did you testify to that in this case ?
Although I cannot agree with the learned judge who presided *523 at the trial in the grounds of his refusal to allow this question to be answered (after objection), I hold that his ruling was correct, for the following reasons:
That the contents of every writing are (according to the ordinary and well established rules of evidence) to be proved by the yya/per itself a/nd by that alone, if the paper be in existence.
That in cross-examining a witness a party should not be allowed to represent in a question the contents of a written deposition or examination, and to ask the witness if he testified thus.
A party may exhibit the writing to the witness, and by pertinent questions call his attention specifically to the same or any part thereof, and inquire as to his signature or his execution of the same, etc. (So far as defendant’s counsel pursued this course he was not objected to or interrupted.)
If the witness admits its execution, the party, at a proper time, may read the same in evidence, or if the witness denies its execution, etc., the party may, at a proper time, prove and read the same in evidence for the purpose of contradicting the testimony of the witness given on the trial.
The proper time for reading the paper in evidence or proving the same is, as a general rule, at a time when the party offering the same is conducting the case, and not upon cross-examination, although circumstances may often justify the direction of the court for its introduction at other times.
But after the preliminary questions are asked, as above stated (and whether the witness admits the execution or not), a party cannot compel a witness to answer a question, nor, upon objection, will he be permitted to have one answered which contains or sets forth substantially any portion of the subject-matter of the writing. The examination itself was higher and better evidence of the facts or of the statements made by the witness.
In support of the foregoing positions, see Phillips on Ev. (6 Am. ed.) vol. 2, page 437; Starkie on Ev. (old ed.) vol. 1, 102; 2 Broderip & Bingham, 113, 115, 117; Bellinger v. The People (8 Wend., 596); Newcomb v. Griswold (24 N. Y. Rep., 298.)
*524 Second.—Did the court err in refusing to allow the entire examination of Abraham Speyer to be read in evidence when offered ?
It does not appear from the case, as to the purpose or object of defendant’s counsel in offering this examination as evidence, nor does it appear that it was proved or identified, and as no copy appears in the case we are unable to judge whether the paper was, in itself, as certified by the judge who took the same, or by the clerk who filed it in this court, entitled to be admitted and read in evidence, so far as authenticity or identity was concerned, and we cannot presume anything for or against it, or decide as to its materiality or importance to the case of defendant, if admitted. But there is another (and as I hold), a fatal objection to its reception for any reason at that stage of the trial.
It appears from the case that the plaintiff had rested and the defendant had likewise rested, and the plaintiff had resumed the case and recalled and re-examined some witnesses in rebuttal to the defendant’s case, and had finally rested. At this stage of the trial defendant’s counsel recalled defendant as a witness and asked him a question, which most clearly indicated a reopening or resumption of the defense on his part, instead of answering his the plaintiff’s rebuttal. On obj eetion, the court refused to allow the defendant to answer that question, and, as I hold, ruled very properly in the case. Then the defendant’s counsel “ offered in evidence the entire examination of the plaintiff, Abraham Speyer, taken before trial, on behalf of defendant.” On objection, the court refused to receive the same, and defendant excepted.
The defendant, to avail himself of an exception to the refusal of the court to allow this examination to be read in evidence, should have offered the same before he rested the defense.
The judgment should be affirmed, with costs of the appeal.