## PRATT v. NORTON

*Evidence — authenticated copy of paper not competent to contradict statement of witness as to contents.*

A copy of an assignment for the benefit of creditors, and the schedules attached thereto, filed in accordance with the statute, certified by the county clerk, in whose office they were filed; *held*, inadmissible to contradict the testimony of the assignor as to the contents of such schedules.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the verdict of a jury. The action was brought in Orleans county by Joseph Pratt against Luther T. Norton to recover for apples alleged to be sold and delivered to defendant by plaintiff's assignors, four in number. The answer set up a general denial; an averment that the apples were not sold to or purchased by the defendant, but were sold to and purchased by the firm of J. P. Marshall & Co., of New York city, and that the defendant was acting as their agent in the purchase, and that before the assignment to plaintiff of the claims upon which the action was brought, defendant had purchased such claims.

Most of the questions involved in the case were disposed of upon a former appeal. See *Howard* v. *Norton*, 65 Barb. 161. The opinion states such further facts as are necessary.

*O. A. Eddy* and *Rowley & Johnston*, for appellant.

*Holmes, Thompson & Spencer*, for respondent, cited, as to the admissibility of a certified copy of the assignment, *Dutchess Company* v. *Harding*, 49 N. Y. 321.

MULLIN, P. J. When this case was before us at a previous term, we disposed of several questions that are sought to be again discussed, but which are not open to discussion in this court.

*First.* We then held that the receipts given Norton by the plaintiff and his assignors for a part of the price of the apples sold by them, as was alleged, to defendant, in payment, as stated in the receipt, of an account against J. P. Marshall & Co. for a much larger sum, was a mere receipt for so much money, and as such was explainable by parol. It followed from this ruling that the receipts were not con-

tracts between the parties named therein, and that the receipt of the lesser sum did not operate by way of accord and satisfaction to discharge the whole indebtedness for the apples. The new evidence given on the second trial has failed to satisfy the jury that the vendors of the apples assigned or intended to assign to the defendant any claim they claimed to have against J. P. Marshall & Co. for the apples in question. The motion for a nonsuit made when plaintiff rested presented questions of fact, which it was the duty of the court to submit to the jury. It cannot be said there was no evidence that the apples were sold to Smith as agent for defendant. When the motion was again renewed at the close of the case it was properly overruled. The questions were still those of fact for the jury, and could not properly be taken from them.

*Second.* We held before that the agency of Smith could not be proved by his declarations, but that his declarations on that subject might be proved for the purpose of showing that he held himself out as agent for another to the person with whom he dealt.

We took the precaution on that occasion to say that care should be taken to guard the jury against considering such a representation as evidence of the agent's authority until a ratification was proved. The charge of the learned judge is not before us, and we must assume that he conformed to the suggestion thus made, and if so, no injury was done to the defendant. But this question as to the competency of the declarations of the agent becomes wholly immaterial in view of the evidence of Webster E. Howard, who testified to the adoption and ratification of the purchase by Smith for him.

The judgment must be reversed for the admission of a certified copy of the assignment of the Messrs. Marshall and papers thereto attached as required by the statutes (Laws 1860, chap. 348), for the purpose of contradicting the witness Marshall, one of said assignors, in that he testified that the defendant was not entered in the schedule annexed to said assignment as a creditor for $200,000 for apples sold. This witness testified that the defendant bought the apples for his firm, and that they were indebted therefor to the persons of whom they were purchased. If the witness had sworn on a former occasion that his firm had purchased them of defendant as he did substantially he could be impeached, the contradiction being upon a material part of his evidence. We must

assume, in the absence of a statement to the contrary, that a copy of the affidavit was annexed to the certified copy of the assignment and schedules. But to contradict a witness by showing that he had sworn differently on some former occasion, the original affidavit or other document must be produced. A copy cannot be used. *Newcomb* v. *Griswold*, 24 N. Y. 298; *Gaffney* v. *People*, 50 id 416, 423.

For almost every purpose except that of impeaching a witness, a duly authenticated copy of a paper is competent legal evidence; but where it is sought to show that a party to it has done an act, or made a statement inconsistent with the contents of such document, it is due to him that the paper actually executed by him should be exhibited to him, so that it be established conclusively that he did actually sign such paper. He may have forgotten the fact of executing it, or it may be a forgery, in either of which contingencies, his conscience is not affected by the error if he makes one.

For the improper admission of the copy of the assignment, etc., the judgment must be reversed and a new trial ordered, costs to abide event.

*Judgment reversed and new trial ordered.*