THE PEOPLE OF THE STATE OF NEW YORK, DEFEND-
ANTS IN ERROR, *v.* ROBERT BREWSTER SATTERLEE,
PLAINTIFF IN ERROR.

*Indictment — rape and assault — election — Testimony of one jointly indicted —
Record of prior conviction of petit larceny — when admissible.*

Where an indictment contains two counts, one for rape and one for an assault
with intent to commit a rape, the district attorney will not be required to elect
on which count he will proceed.
Upon the separate trial of one of two persons jointly indicted for rape, his co-
indictee is a competent witness.
Where upon a trial for rape the prisoner is sworn and testifies in his own behalf,
a record of his conviction of petit larceny is admissible as affecting his credit.

WRIT of error to the Court of Sessions of the county of Suffolk,
to review the conviction of the plaintiff in error of rape.

——— ———, for the plaintiff in error.

*J. H. Tuthill*, for the defendants in error.

BARNARD, P. J.:

The prisoner was indicted at the Suffolk Sessions. The indictment contained two counts, one for rape and one for an assault with intent to commit a rape. The jury convicted him of rape.

The prisoner's request that the district attorney be required to elect on which count he should proceed, was properly denied. There was but one transaction out of which the indictment grew. Two counts were drawn solely to meet the different aspects in which the evidence might be viewed by the jury.

George Jones, jointly indicted with the prisoner, was a proper witness on the prisoner's separate trial. (*Wixson* v. *The People*, 5 Park., 119.)

The only remaining question is as to the admission of the record of conviction for petit larceny. The prisoner was sworn on his own behalf, and very fully denied his guilt. To affect his credibility, the people offered in evidence a record of conviction, at the Suffolk Sessions, of Brewster Baily, *alias* Brewster Satterlee, for larceny, second offense, on plea of guilty. Proof was given on the trial that the prisoner was called by the names of Brewster Baily and Brewster Satterlee. We think the evidence was properly received. Such evidence is held admissible to affect the credit of a witness, in *Carpenter* v. *Nixon* (5 Hill, 260). It was received in *Lake* v. *The People* (1 Park. Cr., 495, 523), and on appeal no dissent was expressed to its reception, though it was pronounced weak evidence in that case, as having been rendered twenty-five years before the witness was sworn. In *Newcomb* v. *Griswold* (24 N. Y., 298), the Court of Appeals say: "It seems that proof of conviction for petit larceny was competent by way of impeachment." In the same case the general rule is stated, that evidence to impeach a witness must be confined to the witness' general reputation. The defects in the record, if any, do not affect the question.

The conviction should be affirmed.


Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.


Conviction affirmed.