THE PEOPLE OF THE STATE OF NEW YORK, Respond- ent, *v.* JOSEPH CALLAHAN, Appellant, Impleaded, etc.

*Appeals in criminal cases — what intermediate orders are reviewable on an appeal from a judgment — when different offenses may be charged in different counts in the same indictment — cross-examination of a witness — impeachment of him by showing contradictory statements made before the committing magistrate,*

A demurrer interposed by the defendant to an indictment found against him in a Court of Oyer and Terminer having been overruled, and he having there- after pleaded not guilty, the case was sent to the Court of Sessions for trial.

*Held,* that an appeal from a judgment, entered upon his conviction in the latter court, brought up for review the decision of the Oyer and Terminer upon the demurrer.

Under sections 278 and 279 of the Code of Criminal Procedure it is proper to join in an indictment two counts, one charging robbery and the other lar- ceny, where each charge is founded upon the taking of the same articles of personal property from the same person at the same time and place; one charging it to have been taken with, and the other without violence to the person of the owner.

Upon the cross-examination of a witness for the prosecution the defendant's counsel offered to prove the signature of the witness to the testimony, given by

him upon his examination before the committing magistrate, for the purpose of calling his attention to portions of the testimony there given by him: Upon the objections that the testimony was a public record and that this was not the proper way of proving it, and that in any event it was immaterial, the court excluded the evidence.

*Held,* that this was error.

*Held,* further, that the error was not cured by subsequently allowing the counsel to refer to the minutes of such examination taken by the person who then acted as counsel for the defendant and to cross-examine the witness from them. ·

APPEAL from a judgment of the Court of Sessions of Chautauqua county, entered upon a conviction of the defendant of the crime of robbery.·

*Walter W. Holt,* for the appellant.

*Chester B. Bradley,* district attorney, for the respondent.

SMITH, P. J. :

The indictment was·found and presented in May, 1882, in the Court of Oyer and Terminer, in the county of Chautauqua. In that court the defendant was arraigned; he demurred to the indictment; the demurrer was overruled, and the defendant, on being required to plead further, pleaded not guilty, and the Oyer and Terminer then sent the case to the Court of Sessions of that county for trial. A question not discussed by counsel has occurred to us, whether the appeal from the judgment of the latter court brings up the judgment of the Oyer and Terminer on the indictment for review. Section 517 of the Code of Criminal Procedure, provides that an appeal to the Supreme Court may be taken by the defendant from the judgment on a conviction after indictment, and upon the appeal, any actual decision of the court in an intermediate order or proceeding forming a part of the judgment-roll, as prescribed by section 485, may be reviewed. Section 485 provides that when judgment upon a conviction is rendered, the clerk must, upon the service upon him of notice of appeal, immediately annex together and file certain papers therein specified, which constitute the judgment-roll, among which are "the indictment and a copy of the minutes of the plea or demurrer," and "a copy of the minutes of the judgment." An appeal to this court may be taken by the people upon a judgment for the defendant on a demurrer to the

indictment (sec. 518), but no mode seems to be provided for an appeal by the defendant from a decision adverse to him upon a demurrer to the indictment, except under section 517. We are inclined to think that it accords with the intent of the Code to hold that the appeal in this case brings up the decision of the Oyer and Terminer on the demurrer.

The ground of the demurrer was that two different crimes are charged in the indictment; and that the acts complained of constitute different crimes. It is contended by the defendant's counsel that the demurrer was overruled improperly. Section 278 of the Code of Criminal Procedure provides that the indictment must charge but one crime, and in one form, except as in the next section provided. Section 279 provides that the crime may be charged in separate counts to have been committed by different means; and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts. In this case, each count charged the defendant with having feloniously taken and carried away, from the person of William Hamilton, certain personal property belonging to said Hamilton, therein particularly described (the description being the same in each count), at Dunkirk, on the 22d of October, 1881. The first count charged the taking and carrying away to have been by violence to the person of said Hamilton, and against his will; the second count charged that the property was stolen from him. It is to be inferred from the identity of description, time and place, that the two counts referred to one and the same transaction, and the felonious taking was robbery or larceny, according to whether it was done with or without violence to the person. The demurrer was properly overruled.

William Hamilton was examined as a witness for the prosecution. On his cross-examination, the defendant's counsel offered to prove the signature of the witness to his testimony given upon the examination before Justice GLESSON, for the purpose, as the appeal book states, " of calling his attention to certain portions of that evidence as it was signed by him and inquiring whether he so swore." It was objected that it was a public record and not the proper way of proving it and as immaterial. The court held that it was immaterial and excluded it, remarking to the counsel, " you can do that without making him swear to a signature or reading from that

paper." In holding that the paper was immaterial we think the trial court was in error. It was certainly important to show, if it could be done, that the complainant had contradicted himself under oath, and the minutes of the examination before the magistrate, signed by the witness, were the best evidence of what he swore to on that occasion, and in strictness ought to have been produced and put in evidence before he was examined on that subject. (*Bellinger* v. *People*, 8 Wend., 595; *The Queen's case*, 2 Brod. & Bing., 288; *Newcomb* v. *Griswold*, 24 N. Y., 301.) It is now urged by the counsel for the respondent that the examination could not properly be given in evidence until its identity had been proved; and that as the witness signed it with his mark only, the magistrate should have been called to identify the writing and prove that it was truly read to the witness, who assented to its correctness. (1 Greenl. Ev., § 224; *Rex* v. *Chappel*, 1 M. & Rob., 395.) But that objection was not distinctly taken at the trial. If it had been it might have been obviated by calling the magistrate. Besides the prisoner's counsel, immediately after the ruling, proved by the witness that the examination was read over to him before he signed it. It is contended by the respondent's counsel that the ruling, if erroneous, was harmless, inasmuch as the defendant's counsel was afterwards permitted to refer to minutes of the examination taken by counsel who appeared on that occasion for the defendant, and from them to cross-examine the complainant. But that did not cure the error. It is impossible to say that the jury would not have given more credence to the examination taken down by the magistrate than to minutes kept by the defendant's counsel. After carefully reading the entire evidence we can hardly bring ourselves to the conclusion that the defendant was not prejudiced by the ruling in question.

We think the judgment and conviction should be reversed and the case remitted to the Court of Sessions of Chautauqua county for a new trial.

HARDIN and BARKER, JJ., concurred.

So ordered.