Smith, C. J.
This action was brought to recover the penalty imposed for the violation of the city ordinance to prevent and punish the adulteration of milk. It was commenced by issuing a warrant upon which the defendant was arrested and brought into court. He refused to appear or plead, on the ground that the action could not be commenced by warrant, and therefore the court had not acquired jurisdiction. And on that ground, among others, this court is asked to reverse the judgment rendered against the defendant in the court below. Previous to the time (in the year 1880), when the Code of Civil Procedure took effect, the manner of commencing suits in justices’ courts was prescribed by the Bevised Statutes (3 B. S., 402, § 10 [6th ed.]). Under those statutes an action to recover a penalty for the violation of a city ordinance would not be commenced by warrant. But the legislature, in enacting the city charter, after providing that certain ordinances may be established by the common council, prescribes the manner of bringing actions to recover penalties for the violation of such ordinances, the forms of pleading in such actions, certain rules of evidence therein, and then provides that if such “ action be brought in a court held by a justice of the peace, the first process may be a warrant or summons.” Certain special provisions follow as to judgment and execution in such actions. Laws of 1870, chap. 519, title 3, sections 8-17. These provisions of the city charter differ in many essential particulars from those of the Be-vised Statutes then in force regulating proceedings in civil actions in justices’ courts, and were enacted for the better enforcement of the city ordinances.
By a chapter of the Code of Civil Procedure, which took effect in 1880, a new and revised system was adopted establishing the jurisdiction, forms of action, pleadings and practice, and of all proceedings in civil actions in courts of justices of the peace, and by a subsequent act the provisions of the Bevised Statutes on the same subject were expressly repealed. Code, chap. 19, § 2861-3158. Laws of 1880, chap. 245, § 3.
The provisions of thó city charter, above referred to, have never been expressly repealed, and, in my opinion, they are not repealed by implication by the revision of the statutes in respect to justices’ courts contained in the Code. The special provisions of the city charter were enacted for the purpose of excepting this class of actions from the operations of the general statutes regulating proceedings in justice’s court, and neither the repeal of the general statutes nor their revision had any effect upon those special provi *732 sions. They may be enforced without inconvenience under the Code, as they were under the Revised Statutes, though they conform to neither. They were enacted for the better administration of justice in cases arising under the city ordinances, and the same ends are now to be attained by their enforcement as when they were originally enacted. The provisions of the Code are general, and operate throughout the state, with such exceptions as are made by local statutes. Those of the charter are confined to this city, and to a single class of actions peculiar in their nature, to which they are specially adapted. Such was obviously the opinion of the law makers, else they would not have so framed the city charter. If we hold that the provisions of the Code in respect to the process for commencing actions in justices’ courts supersede the special provisions of the city charter as to process in this class of actions, then the like provisions of the charter in respect to pleadings, evidence and executions in such actions must be held to be no longer in force.
The inconveniences resulting from such a ruling forbid the conclusion that the legislature intended such a result, especially when the continued enforcement of the special provisions-of the charter works no inconvenience, and tends to the better administration of justice. The provisions of the Code and those of the charter may properly and consistently stand together, each having force and operation in their proper sphere. The municipal court takes the place of justice courts in civil actions in this city, and has special jurisdiction by statute in this class of action. Laws of 1880, chapter 344, sections 5 and 6; Laws of 1881, chapter 401, section 1.
I am of opinion therefore that the defendant’s exception to the jurisdiction of the court below must be overruled.
On the trial of the action the defendant was compelled to give evidence against himself, notwithstanding the objection of his counsel, and upon points material to the plaintiff’s case. He was charged with having in his possession for sale for human food or use within the city, and offering and exposing for sale within the city, watered and adulterated milk. These acts are forbidden by the ordinance, under a penalty of fifty dollars, and the judgment appealed from is for such penalty.
The defendant against the objection of his counsel was-compelled to testify that he was in the business of selling milk at the time alleged in the complaint, that he peddled milk in small quantities, etc. This testimony was material to his conviction, and it may be that without it he would not have been convicted. It has always been the law of this state that a witness cannot be compelled to answer any *733 question which it reasonably appears will have a tendency to expose him to a penal liability, any forfeiture of his goods, or any kind of punishment, or to a criminal charge. 1 Greenleaf’s Ev., sections 451, 451a, 452, 453, etc.; People v. Mather, 4 Wend., 229; Bank of Salina v. Henry, 2 Denio, 155, S. C., 3 id., 593, and 1 N. Y., 83; Bellinger v. The People, 8 Wend., 595; constitution of New York, article 1, section 6; Code, section 837. And the witness may not be compelled to answer if the answer may but tend to criminate or expose him, and though it but form a link of the chain of testimony against him.
In this case to prove that at the time of the offence charged the defendant was engaged in the business of selling milk was important as tending to establish his guilt.
It not only was erroneous to compel him to answer, because it contributed to his conviction in this case, but because it exposed him to the charge of having violated the provisions of the first section of chapter 202 of the Laws of 1884, which enacts that any person who shall sell or expose for sale any impure or adulterated milk is guilty of a misdemeanor. For this error the judgment appealed from must be reversed with costs. Certain other exceptions were taken on the trial, as that the ordinance in question was not properly enacted by the common council; that the common comicil had no authority to enact the ordinance; that the evidence did not warrant the defendant’s conviction; that he did not know that the milk he sold had been watered or adulterated, and that the costs entered in the judgment are excessive. We are of opinion that none of these objections are well taken, and do not deem it necessary to consider them at length.
Judgment reversed, with costs.
Titus, J., concurs.