## THOMPSON v. GREGOR.

11  531
3a 397

1. Defendant took two depositions of a witness, and at the trial read in evidence the second one. *Held* that, for the purpose of showing that the witness had made contradictory statements therein, plaintiff could read the former deposition in evidence, without laying the ordinary foundation therefor by interrogating the witness as to whether he had made such statements, giving time and place, etc.
2. The court properly refused to give the following instruction: "Defendant asks the court to instruct the jury that plaintiff is bound

by the statement contained in the deposition [the first one taken] read by him, as by reading the same he put it in evidence and vouched for its credibility."

3. Under the Code, section 180, in an action for the recovery of money only, it is a matter within the discretion of the jury as to whether they shall render a general or special verdict.

*Appeal from District Court of La Plata County.*

Messrs. O. S. Galbreath, Hoffmire and Davidson, and Markham and Dillon, for appellant.

Messrs. Russell and McCloskey, for appellee.

De France, C. The plaintiff, Gregor, brought this action against the defendant, Thompson, upon two promissory notes executed by the defendant in favor of the plaintiff. The defendant admitted the execution of said notes, but set up the defense that the consideration for which said notes were given had wholly failed. The action was brought in the county court of La Plata county, and from there appealed to the district court of said county. The trial in the latter court was before a jury, and resulted in a verdict and judgment for the plaintiff, Gregor. The defendant, Thompson, has appealed to this court, and his assignment of errors is as follows: "(1) The court erred in refusing the instructions asked by defendant, to the effect that plaintiff below was bound by the deposition of W. T. Keyes, which he read in evidence. (2) The court erred in allowing plaintiff below to impeach the credibility of W. T. Keyes, without first laying grounds by interrogating said witness as to his former statements, giving time and place. (3) The court erred in refusing to instruct the jury to make the special findings asked for. (4) The court erred in refusing a new trial because the verdict was against the weight of the evidence."

The fourth error assigned is not insisted upon in the argument.

It appears that two depositions of one W. T. Keyes were taken in this cause by the defendant. At the trial the defendant read the one taken last, in evidence. In rebuttal, the plaintiff offered the former one in evidence, for the purpose of showing that the witness Keyes had made contradictory statements therein, in material matters, to those made by him in the latter. The defendant objected to its introduction, "because the plaintiff did not lay any ground for contradicting the witness." This, being the only objection made, was overruled by the court, and the deposition was read in evidence. The court refused the following instruction asked by defendant: "Defendant asks the court to instruct the jury that plaintiff is bound by the statement contained in the deposition of W. T. Keyes read by him, as by reading the same he put it in evidence and vouched for its credibility." The first and second errors assigned relate to the refusal of the court to give this instruction, and to the admission in evidence of the deposition of Keyes, offered by the plaintiff, and the two will be considered together.

The court committed no error in either of these rulings. The deposition offered in evidence by the plaintiff, for the purpose of impeaching the witness Keyes, contained the sworn statements of such witness. Where a witness in his testimony contradicts his previous sworn statements in relation to the same matter, it is not necessary for the purpose of their introduction, as impeaching evidence, to lay the ordinary foundation therefor by interrogating the witness as to whether he had made the same, stating the time and place of making them, etc. *Clapp v. Wilson,* 5 Denio, 285. The witness could not have been compelled to answer any such questions, as his answer would have had a tendency to aid a prosecution against him for perjury or false swearing. *Bellinger v. People,* 8 Wend. 597. The deposition was offered by the plaintiff to discredit the witness; and, being proper for such purpose, the court would have committed an error by giving such instruc-

tion, as it would have had a tendency to destroy the effect for which the evidence was received. The plaintiff did not make Keyes his own witness by the introduction of such deposition.

This is an action for the recovery of money only, and in such case it is a matter within the discretion of the jury as to whether they should render a general or special verdict. Code, § 180. In cases other than for the recovery of money only, or specific property, "the court may direct the jury to find a special verdict in writing." Code, § 180. But this is a matter within its discretion. *American Co. v. Bradford*, 27 Cal. 361. The third error assigned is therefore not well taken. The judgment should be affirmed.

RISING and STALLCUP, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*