MORRIS SPIEGEL, Respondent, *v.* ISAAC HAYS, Impleaded, etc., Appellant.

*Court of Appeals, December* 10, 1889.

Affirming 5 N. Y. St. Rep. 879.

1. *Fraud. Sale.*—Where a creditor purchases the stock of his insolvent debtor, in good faith, for an amount about equal to its value, and pays to him, in money, the difference between the indebtedness and the consideration, such sale or transfer is not void, and it is not error for the judge to refuse to charge, on the trial of an action for conversion of the goods under execution against the vendor, that, "if any interest in the property was reserved to the debtor or some benefit secured to him, with the knowledge of the creditor, then the conveyance is void;" nor to refuse to charge that, "if, as a part of the understanding or agreement on which the bill of sale was made, a sum of money was given to the debtor by the creditor for his personal use and for his benefit, then the conveyance is fraudulent and void."

2. *Witnesses.* For the purpose of descrediting the testimony of a witness, it may shown by his cross-examination, without the production of the record of his conviction, that he has been convicted of a crime, or that he has been imprisoned upon the conviction of a crime, or that he had committed a crime.

This was an action of replevin. Plaintiff claimed title to the property under a bill of sale. Defendants sought to justify their taking under an attachment against the vendor, claiming that the sale to plaintiff was fraudulent and void as against the creditors of the vendor.

Appeal from a judgment of the general term of the city court of Brooklyn, affirming a judgment entered upon a verdict.

*Blumenstiel & Hirsch,* for appellant.

*Jerry A. Wernberg,* for respondent.

POTTER, J.—We see no reason to interfere with the find-

ing of the jury or to differ with the charge made by the court in submitting this question to them. The questions which arise in this case, upon the appeal, however, are questions in respect to two requests to charge and to the admission and allowance of the court of questions put to one witness of the defendant, tending to disparage or discredit his testimony. The judge was asked to charge the jury in two respects, viz. : " If any interest in the property was reserved to the debtor, or some benefit secured to him with the knowledge of Spiegel, then the conveyance is void." " If, as part of the understanding or agreement on which the bill of sale was made, a sum of money was given to Samuels by Spiegel for his personal use and for his benefit, then the conveyance is fraudulent and void."

As before stated, the consideration for the purchase of these goods by the plaintiff of Samuels was an indebtedness of Samuels to the plaintiff for goods sold, and in addition to that the sum of $372, or thereabouts, paid in cash by plantiff to Samuels.

The proof shows that the value of the goods was just about equal to the sum produced by the debt and the cash paid, and it may be further conceded that Samuels refused to sell plaintiff this stock of goods unless the plaintiff would take the whole stock and pay its value so as to leave him or pay to him the value of the goods which exceeded the debt to the plaintiff by about $372.

The cases referred to by appellant's counsel are those which declare sales and transfers void by an insolvent debtor where there is something reserved to him or for his benefit or support in the property transferred, and which by the contract or transfer is so hedged about that other creditors are prevented or embarrassed in enforcing their claims against the debtor, but there is nothing of that character in this transaction. He reserved no right in the property which he sold and delivered to the plaintiff ; he received a portion of the purchase price of that property in

money from the plaintiff, but that put it in a position, not to keep it away from his creditors, but in a position where his creditors could obtain it by taking due process of law; hence there was nothing in the contract between the plaintiff and Spiegel, or the bill of sale, which reserved a right in the goods themselves.   In short, the purchaser simply paid the insolvent debtor the price of the goods he bought of him, which payment was effected by cancelling and discharging the debt which the seller owed the purchaser, and by the purchaser paying the balance of the purchase price, in cash, to the seller.

These two requests were made to the court as questions of law, and not as facts to be submitted to the jury or as affecting in any wise, if the jury should find in accordance with the requests, their verdict, but as absolute legal propositions.

In the last request it is assumed that if this sum of money was given for the vendor's personal use and for his benefit, then the conveyance is fraudulent and void.

I don't apprehend that that can signify any more, even if it was said at the time of the transfer, that he wanted so much money to use himself or for his family; that it can have no further or different significance than if he had said nothing upon the subject, but that the balance of the purchase price over and above the payment of the debt was to be paid in money.   It would follow from such payment that it was for his personal use and for his benefit, and that he could use it as he chose until his creditors interfered and prevented such use.

The question of fraud was fully and fairly presented by the trial court to the jury, and the jury found in favor of the good faith of the transaction.   And I do not perceive how the requests to charge, which were declined, could justify us in reversing the judgment and granting a new trial.

There is another question, which is presented by excep-

tions, and that relates to the questions which were asked the witness Behrman, who had been called by the defendant and given material and damaging testimony to the plaintiff, if believed by the jury. He was asked upon his cross-examination, after he answered without objection, how long since he had been out of prison, " What were you convicted of ? " This question was objected to generally, and the witness appealed to the court if he must answer the question, and was answered " Yes " by the court. Thereupon the witness answered: " I was convicted for breaking open a door and taking some bundles which belonged to my brother."

Further on in the course of his cross-examination the witness was asked of what he had been convicted in respect to another transaction, and after a general objection to the question, he answered: " Breaking in a barn door and taking bundles away."

These answers showed that the witness had been convicted of a crime. As § 714, Penal Code, permits that it may be shown by a cross-examination of the witness that he has been convicted of a crime without the production of the record of his conviction, the question is simply whether a conviction of a witness of a crime may be shown for the purpose of discrediting his evidence.

That the jury may and should give proper consideration and weight to evidence showing that the witness has committed crimes is beyond question. Real *v.* People, 42 N. Y. 270–280 ; The People *v.* Noelke, 94 Id. 137 ; The People *v.* Irving, 95 Id. 541; Ryan *v.* People, 79 Id. 598.

The apparent conflict in some of the cases, in respect to this mode of discrediting witnesses, has arisen from the mode of proving the discrediting fact.

It had been held before the Penal Code that it is not competent to show by a cross-examination of the witness himself that he had been convicted of a crime, if the objection was made that the record of the conviction is the best evidence. Newcomb *v.* Griswold, 24 N. Y. 298 ; Real *v.* People,

42 Id. 280. Such objection being no longer available, you may show, upon the cross-examination of the witness himself, that he has been convicted of a crime or that he has been imprisoned upon the conviction of a crime, or that he had committed a crime. The People _v_. Irving, 95 N. Y. 541; The People _v_. Noelke, 94 Id. 137–144; Real _v_. The People, 42 Id. 280.

The courts have repeatedly held that it does not prove that a witness _has been guilty of a crime_, to prove he has been arrested upon the charge of a crime or that he has been indicted for a crime. People _v_. Crapo, 76 N. Y. 288; People _v_. Brown, 72 Id. 571; The People _v_. Irving, 95 Id. 544; Smith _v_. Mulford, 42 Hun, 347; 3 N. Y. State Rep. 760. We do not perceive that any error was committed upon the trial, and the judgment should be affirmed, with costs.

All concur.