(Supreme Court, General Term, Second Department. February 12, 1890.)

ATTORNEY AND CLIENT—DISBARMENT OF ATTORNEY.

Although counselors, solicitors, and attorneys are declared by statute to be judicial officers, yet they do not hold an office or public trust, in the constitutional sense of that term, but are officers of the court, exercising a privilege or franchise, subject to removal or suspension by the courts.

Proceedings to disbar Peter M. Baum, an attorney at law.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

W. J. Thorn, for complainants. Jas. L. Williams, for respondent.

DYKMAN, J. This is a proceeding to disbar an attorney and counselor of the supreme court of this state, upon charges of misconduct in the practice of his profession. Peter M. Baum is an attorney and counselor at law, and certain specific charges were made against him to the general term, with a view to his removal. After an opportunity was afforded him to answer the charges, a referee was appointed to take proof in the matter, and report the same to the court, and he proceeded under the order. The complainants and the respondent appeared before the referee, and witnesses were examined in relation to the charges, and the respondent was himself examined as a witness in his own behalf, and gave evidence in explanation of the charges and testimony against him. The referee has now made a report of the facts found by him, and has returned the testimony taken by him, upon which his findings are based. The report of the referee is well sustained by the testimony, and facts found are sufficient to convict the respondent of conduct entirely unbecoming, and such as to disqualify him entirely for the occupation of the responsible position of an attorney and counselor at law. In this state counselors, solicitors, and attorneys have ever been appointed or admitted to practice by the several courts in which they intend to pursue their profession, and, although they are declared by statute to be judicial officers, yet they do not hold an office or public trust, in the constitutional sense of that term. They are officers of the court, exercising a privilege or franchise, subject to removal or suspension by the courts; but, if they are not so removed or suspended, they hold their office for life.

It is neither important nor necessary to enter upon a minute examination of the facts established against this respondent. The testimony and report of the referee convict him of deceit and malpractice, if not of crime and misdemeanor, and show him to be a person entirely unworthy of the trust reposed in him upon his admission to the bar. He has practiced deception and perpetrated frauds upon his clients, and he is unworthy to occupy the high position of a lawyer. Malpractice as a lawyer means evil practice in a professional capacity, and the resort to methods and practices unsanctioned and prohibited by law; and the causes for which an attorney may be disbarred are now specified by the Code of Civil Procedure as follows: "An attorney or counselor who is guilty of any deceit, malpractice, crime, or misdemeanor may be suspended from practice or removed from office by the supreme court, at a general term thereof." Code, § 67. The report of the referee should be confirmed, and the respondent, Peter M. Baum, should be removed from office and disbarred.

---

## WALTERS v. MAYHEW.

(Supreme Court, General Term, Fourth Department. February, 1890.)

MASTER AND SERVANT—PROOF OF EMPLOYMENT.

In an action for services rendered by plaintiff to her deceased grandfather, declarations of decedent that plaintiff "had not been paid, but should be paid," are admissible in connection with the evidence of the original request for such services.

Appeal from surrogate's court, Oneida county.

An action by Cora M. Walters against Mortimer M. Mayhew, executor, etc., of Merchant M. Mayhew, plaintiff's deceased grandfather, to recover for services rendered testator in his life-time. The plaintiff presented her claim to the defendant as executor, who served a notice in writing, stating that he "doubted the justice and validity of such claim," and offered to refer the same. Thereafter an agreement to refer was made and entered into, whereby the matter in controversy was referred to a referee; and on the 13th of March, 1889, the surrogate of Oneida county approved of the referee named. Proceedings were noticed for hearing before the referee, and regularly heard by him; and the case contains all the evidence given in the proceeding, and all the exceptions and proceedings before the referee. The referee's report awards to the plaintiff $53.78 damages. From the judgment thereon defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Richard W. McIncrow*, for appellant. *Goodier & Wolcott*, for respondent.

HARDIN, P. J. 1. This case does not fall within the rule that the law will not imply a promise to pay for services where a party stands *in loco parentis*. *Williams* v. *Hutchinson*, 5 Barb. 124, affirmed 3 N. Y. 312. When the referee considered the request of the testator for the plaintiff's services, communicated to plaintiff at his request, and upon which the plaintiff acted and relied, together with all the incidents attending the services, and the declarations of the testator in relation to the services, and payment and settlement therefor, in connection with the evidence offered by the defendant in respect to the same, he was called upon to determine the questions of fact thus presented. We have carefully looked into the evidence, and given the report of the referee such influence as it properly deserves, and are of the opinion that his conclusions should be sustained. We think the evidence was sufficient to warrant the finding that the plaintiff performed the services under, and in expectation on her part of compensation, and under a promise on the part of the testator to make compensation therefor. *Thornton* v. *Grange*, 66 Barb. 507; *Robinson* v. *Raynor*, 28 N. Y. 494. The evidence supports the finding as to the value of the services rendered; and, although the defendant's evidence tended to belittle the services of the plaintiff, we think the referee was right in allowing $10 per week for them.

2. We think the evidence given of the declarations of the testator that plaintiff "had not been paid, but should be paid," was admissible, and properly received, to be considered in connection with the evidence of the original request for such services, and the details in respect to the performance of them. As BRONSON, C. J., said in *Robinson* v. *Cushman*, 2 Denio, 155: "It was not a conclusive admission, and must not be considered alone, but with other evidence in the case." In *Chilcott* v. *Trimble*, 13 Barb. 509, after consideration of such admissions, it was held not to be sufficient to establish a cause of action; but nothing was said in that case against the admissibility of such evidence. That case does not, therefore, avail the appellant. We have looked at the other rulings made by the referee, and find nothing in them requiring a disturbance of his report. The orders and judgment should be affirmed, with costs of this appeal to the respondent. *Denise* v. *Denise*, 110 N. Y. 563, 18 N. E. Rep. 368. Judgment and orders affirmed, with costs of the appeal to the respondent. All concur.